B. A. BERRY v. A. G. CORPENING, Adm'r.

*Statute of Limitations—Executors and Administrators—Motion for leave to issue execution.*

1. The statute of limitations may be set up as a defence by an administrator to a motion for leave to issue execution after ten years from the date of

docketing a judgment against his intestate; and this, although executions have regularly been issued within each successive period of three years after the judgment was docketed.

2. The statute of limitations relates only to the remedy, and the defendant is never afforded an opportunity of relying upon it until the plaintiff resorts to his remedy, either by action on the judgment, or motion in the nature of *scire facias* to revive it.

(*McDonald* v. *Dickson*, 85 N. C., 248; *Williams* v. *Mullis*, 87 N. C., 159, cited and approved).

MOTION to make the defendant a party to a judgment against the defendant's intestate, and for leave to issue execution against him, heard at Spring Term, 1883, of BURKE Superior Court, before *Gudger*, J.

The motion was made before the clerk of the superior court, and the judgment upon which leave to issue execution was asked was rendered before a justice of the peace in favor of the plaintiff against J. B. Kincaid, executor of M. W. Kincaid, on the first of February, 1871, and docketed in the superior court on the 8th day of the same month. J. B. Kincaid died without finishing his administration, and the defendant A. G. Corpening was duly appointed administrator *de bonus non* with the will annexed of the said M. W. Kincaid.

Notice of the motion was issued and served on the defendant on the 11th day of May, 1882, more than ten years after the docketing of the judgment.

It was admitted that executions upon the judgment had been regularly issued within each successive period of three years after the judgment had been docketed.

The defendant resisted the motion and filed a written answer in which he relied upon the statute of limitations, alleging that more than ten years had elapsed after the rendition as well as the docketing of the judgment.

The motion was refused by the clerk, and the plaintiff appealed to the superior court, where his ruling was reversed and the execution ordered to issue, and from this judgment the defendant appealed to this court.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
No counsel for defendant.

ASHE, J. The motion before the clerk was to make the defendant a party to the judgment, and for leave to issue execution against him.

In *McDonald* v. *Dickson,* 85 N. C., 248, it was held that a motion for leave to issue execution after the lapse of three years, was in lieu of and a substitute for the ancient writ of *scire facias,* and it must be treated as such, and the same protection extended to parties thereunder as was done under the use of that writ.

The *scire facias* was either an original writ, or a writ to repeal letters-patent, or a process to continue an action pending, and for the latter purpose was used to revive a judgment upon which no execution had issued for a year and a day; because, at common law, a presumption arose from a plaintiff's delay, beyond a year, that his judgment had either been satisfied, or for some supervening cause ought not to be allowed to have its effect. And whenever it was sought to fix a party in a judgment given against another, who was not a party to the record, as the heir, executor, or administrator, though it be *within the year,* the plaintiff could not take out execution, but had to resort to a *scire facias,* to show cause why an execution should not issue. " Resort to the *scire facias,*" says FOSTER in his work on Scire Facias, page 101, " was only for the specific purpose of making the judgment and execution consistent with each other, since otherwise there would be judgment against A and execution against B, which would render the judgment absurd and inconsistent; but the *scire facias* makes the record technically correct, and the party has the opportunity of *contesting whether he is really liable to the execution or not.*" And to that end he may plead anything which has been done, under the original judgment, which exonerates him from liability, provided it be matter which might not have been set up as a defence to the original action; for example, *nul tiel record,* release, payment,

that the debt and damages were levied on a *fi. fa.;* that his person was taken in execution on a *capias ad satisfaciendum, Ib.,* 305 ; or, he may plead the statute of limitations, *Ib.,* 30; and *McDonald* v. *Dickson, supra,* where it was expressly held by this court, upon the last authority, that the defendant may plead the statute of limitations in a motion for leave to issue execution, in analogy to the practice on writs of *scire facias.*

There is nothing in that decision which militates against the doctrine laid down in *Williams* v. *Mullis,* 87 N. C., 159. There, it is held that an execution may be issued after the lapse of ten years from the date of docketing the judgment, when the judgment has been kept alive by the issuance of executions within each successive period of three years after its rendition. The ground of that decision was that the statute of limitations acts merely upon the remedy, and where there is no remedy resorted to by the plaintiff, either by an action upon the judgment or a motion in nature of a *scire facias* to revive it, the defendant is never afforded the opportunity of relying upon the statute for his protection.

The legislature has prescribed ten years as the limitation to an *action* upon a judgment (THE CODE, §§151, 152), but it has made no provision for a party to avail himself of its protection when there is no action or proceeding in nature of an action taken against him.

This view of the matter, we are aware, presents the anomaly of a case, where, under certain circumstances, executions may be issued upon a judgment against a defendant so long as he lives ; but when he dies, his administrator may exonerate his estate from liability thereto by setting up a defence that was not permitted to his intestate ; but such a result is the logical sequence from the well established doctrine that the statute of limitations relates only to the remedy. *Sturges* v. *Crowninshield,* 4 Wheat., 122 ; Wood on Limitations, 26.

There is error, and the judgment of the superior court is reversed.

Error.                                                              Reversed.