SARAH E. PARKER *vs.* EDMUND E. PRESCOTT.

Waldo. Opinion April 16, 1895.

*Attachment. Deed,—unrecorded.*

It is the settled law of this State that an attachment of all the right, title and interest which the debtor has in lands, is a good attachment of the land itself; and a seizure and sale on execution pursuant to the attachment, of such right, title and interest, will pass to the creditor a good title to the land as against a prior unrecorded deed of the debtor.

See *Parker* v. *Prescott,* 85 Maine, 435, 86 Maine, 241.

ON REPORT.

The case is stated in the opinion.

*Joseph Williamson,* for plaintiff.
*Wm. H. Fogler,* for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WHITEHOUSE, J. This is a real action to recover a small farm in Palermo in the county of Waldo. Both parties to the suit derive title from Willard H. Chadwick. The plaintiff claims to hold through an attachment made November 3, 1884, in a suit brought by her against Chadwick and a sale on the execution which issued on the judgment recovered in that suit. The defendant seeks to establish his title by virtue of two deeds of warranty; one from Willard H. Chadwick to Edwin O. Chadwick, dated May 17, 1875, and the other from Edwin O. Chadwick to the defendant, dated April 27, 1878. These deeds were not recorded until 1890 ; but the defendant claimed that at the date of the plaintiff's attachment, she had actual notice that the land had been previously conveyed by her debtor. On the issue of fact raised by the plaintiff's denial of this claim, two verdicts have been rendered in favor of the defendant, and both have been set aside by the law court. 85 Maine, 435 ; 86 Maine, 241.

The case now comes to the court on a report of the document-ary evidence only, and no issue of fact is presented. The defendant's contention now is that inasmuch as the sheriff's deed to the plaintiff, given in pursuance of the attachment on the writ and the sale on the execution, only purports to sell and convey to her, "all the right, title or interest," which the debtor had at the time of the attachment, it is not effectual to transfer the title to the land when it appears that the debtor had previously conveyed his title to another person, although such conveyance was not recorded.

But this contention is not supported by the authorities. It is the settled law of this state that an attachment of all the right, title and interest which the debtor has in lands is a good attachment of the land itself; and it was held in *Roberts* v. *Bourne*, 23 Maine, 165, and *Veazie* v. *Parker*, *Id*. 170, that such an attachment is effectual as against a prior unrecorded deed. In *Woodward* v. *Sartwell*, 129 Mass. 210, it was held, after mature consideration, that the seizure and sale on execution by the officer of all the debtor's right, title and interest in land, passed to the creditor a good title to the land as against a prior unrecorded deed of the debtor. This case was cited with express approval in *Millett* v. *Blake*, 81 Maine, 531.

These authorities undoubtedly establish the plaintiff's right to recover, and the entry must be,

*Judgment for the plaintiff.*