## HEYER v. RIVENBARK.

(Filed May 14, 1901.)

LIMITATION OF ACTIONS—*Pleading—Judgment—Execution—The Code, Sec. 138.*

An answer that "the defendant pleads the statute of limitation," to a motion for leave to issue execution, is insufficient as a plea of the statute of limitation.

APPLICATION of Margaret E. Heyer, administratrix of Jno. C. Heyer, for leave to issue execution against D. W.

Rivenbark, heard by Judge *E. W. Timberlak,,* at March Term, 1899, of the Superior Court of PENDER County. From a judgment affirming an order denying the application, the complainant appealed.

*Stevens, Beasley & Weeks,* for the plaintiff.
*J. T. Bland,* for the defendant.

CLARK, J. This was a motion, 9th September, 1897, by an administratrix, before the Clerk, for leave to issue execution, upon notice served on defendant, based on an affidavit which sets out that on 23d December, 1885, plaintiff's intestate obtained a judgment against defendant before a Justice of the Peace for $148.73 and costs, and on the same day caused the same to be docketed in the office of the Clerk of the Superior Court of Pender County, and that no part of said judgment has been paid, and that the whole thereof is still due. The record states the defendant "resisted the motion and pleaded the Statute of Limitations in bar of the motion." The Clerk found the allegations of the affidavit to be true, and added a further finding that at the date of docketing the judgment the defendant "was and is now the owner of real estate situate in Pender County of value not exceeding $1,000, and no homestead has ever been assigned defendant." The Clerk denied the motion, which judgment was affirmed by the Judge on appeal, and plaintiff appealed to this Court.

The Code, section 138, provides that the defence of the Statute of Limitations "can only be taken by answer." The record discloses no answer filed to the motion—which, therefore, should have been granted. But take it that an answer, and duly verified, in response to the plaintiff's affidavit had been filed in words as orally stated—"the defendant pleads the statute of limitations"—this is wholly insufficient and

the plea should have been treated as a nullity. *Lassiter v. Roper,* 114 N. C., 17, and numerous cases there cited. Such plea gives neither the plaintiff nor the Court any information of the state of the facts which will be relied upon in defence. It does not, and could not appear by such plea, upon what statute the defendant is relying. If he is relying upon the ten-year statute, that would not be a defence to issuing execution, though the lien has expired, provided executions have been issued regularly every three years. *Williams v. Mullis,* 87 N. C., 159; *Berry v. Corpening,* 90 N. C., 395 (unless defendant was an executor or administrator); *Pipkin v. Adams,* 114 N. C., 202; *McCaskill v. McKinnon,* 121 N. C., 192. If execution is issued after the lapse of ten years, it is a lien only from the levy (except in cases where the statute does not run). *Spicer v. Gamble,* 93 N. C., 378; *Lytle v. Lytle,* 94 N. C., 683.

The lien of the justice's judgment, docketed in the Superior Court, continued for ten years (*Patterson v. Walton,* 119 N. C., 500), though action on such judgment would be barred by lapse of seven years (*Daniel v. Laughlin,* 87 N. C., 433, and other cases cited on both points; Clark's Code (3rd Ed.), page 52. But neither point is here involved.

The additional finding of fact by the Clerk is not raised by the affidavit of plaintiff, nor by defendant, for there was no answer filed by him. The finding has no pertinency and no bearing on this motion, which does not bring up the question of homestead or judgment lien, but is simply for leave to issue execution under section 440 of The Code. Upon the record it was error to refuse it. Whether the reversion of the homestead is subject to the lien can not now be presented—certainly not upon this motion merely to issue execution.

Error.