JANE R. WILKES v. R. M. MILLER, ADMINISTRATOR OF J. W. MILLER, J. C. SIKES, ADMINISTRATOR OF W. F. RHEA, ET AL.

(Filed 1 November, 1911.)

1. Judgments—Dockets—Cross-indexed—Liens.

Judgments which have been docketed, but not cross-indexed, do not constitute a lien upon land or take precedence over mortgages subsequently registered.

2. Mortgages—Notes—Substitution—Subsequent Judgment—Liens—Priorities.

The substitution of one note and mortgage for another will not discharge the original note and mortgage unless the latter is surrendered to the mortgagor, or canceled of record; for it is only a renewal or acknowledgment of the same debt, and will constitute a prior lien on the lands to that of a judgment obtained after the registration of the original mortgage, but before the one taken in substitution of it.

APPEAL from UNION from judgment by *W. R. Allen, J.,* rendered in chambers, by consent, in 1910.

Civil action instituted in Superior Court of Union County for the purpose of obtaining judgment to apply the proceeds of certain lands described in the complaint to the payment of a judgment in favor of the plaintiff against W. F. Rhea, deceased. This case was with an action, instituted prior to the bringing of this action, for the purpose of foreclosing a mortgage made by W. F. Rhea and wife to J. W. Miller, the mortgagor and mortgagee both being dead at the time of the institution of these actions.

By consent of the parties, his Honor, *W. R. Allen, J.,* found the facts and conclusions of law, and rendered judgment in favor of the defendant R. M. Miller, administrator of J. W. Miller, as follows:

This cause came on for hearing upon exceptions to the report of a referee, and upon consideration of said report and the exceptions thereto and the evidence and exhibits, I find the following facts:

1. That prior to 1886, W. F. Rhea was the owner of the tract of land referred to in the complaint; that he is now dead, and J. C. Sikes is his administrator; that the said Rhea left surviving him a widow, who is still living, and no children.

2. That J. W. Miller is dead, and R. M. Miller, Jr., is his administrator.

3. That on 1 March, 1886, the said W. F. Rhea and wife conveyed said tract of land to Joseph McLaughlin by mortgage deed to secure the payment of a balance due on a note for $550 executed by the said Rhea 15 March, 1881, which mortgage deed was registered in Union County in Book W, page 480, on 1 March, 1886.

4. That on 2 February, 1887, the said Rhea and wife conveyed said land to Joseph McLaughlin by mortgage deed to secure a note of even date for $313.20, which mortgage deed was registered in Union County on 5 February, 1887.

5. That on 1 January, 1889, the said Rhea and wife conveyed said land to J. B. Ross by mortgage deed to secure a note of even date for the sum of $250, which mortgage deed was registered in Union County on 1 February, 1889.

6. That the notes and mortgages referred to in findings 3 and 4 were duly assigned to J. W. Miller on 11 January, 1893, and the note and mortgage referred to in finding 5 were duly assigned to said Miller on 27 February, 1889.

7. That on 11 January, 1893, there was due on the notes referred to in findings 3, 4, and 5, the sum of $830, and on said day the said Rhea and wife executed to the said Miller a note for said sum, and conveyed said land to said Miller to secure payment of the same by mortgage deed, which was registered in Union County on 4 May, 1896.

8. That at the time of the execution of the note and mortgage referred to in the preceding paragraph the said Miller retained the notes and mortgages referred to in the 3d, 4th, and 5th findings, and· the same have never been surrendered nor canceled of record.

9. That thereafter an action was instituted in the Superior Court of Union County against the administrator and heirs at law and widow of W. F. Rhea to foreclose the mortgage referred to in the 7th finding, and at February Term, 1905, a judgment was rendered therein in favor of the plaintiff, administrator of Miller, for the sum of $1,230.48, with interest on $830, and condemning said land to be sold to pay the same; that said land was sold thereunder for the sum of $350, and said sale was duly confirmed. There was no reference in the complaint in said action to the notes and mortgages referred to in findings 3, 4, and 5.

10. That on 2 December, 1884, said Liddell & Co. obtained two judgments in Mecklenburg County against the said W. F. Rhea: one for $201.33, with 8 per cent interest from date of judgment, and the other for $217.33, with 8 per cent interest from date of judgment and $3.20 costs. Transcripts of said judgments were sent to Union County, and the same appear on the judgment docket of said county as of 4 December, 1884, but said judgments were never cross-indexed.

11. That on 5 November, 1895, Jane R. Wilkes, trading as the Mecklenburg Iron Works, obtained a judgment against the said W. F. Rhea before a justice of the peace of Mecklenburg County for the sum of $239.60, with interest on $181.50 from 5 November, 1895, at 8 per cent and $3.80 costs, which judgment was duly docketed in Union County 15 November, 1895.

12. That the findings and conclusions of the referee as to the attempted allotment of a homestead to the said W. F. Rhea are adopted.

13. That this present action was instituted on 20 December, 1905, for the purpose of subjecting the proceeds of the sale of land referred to in the 9th finding to the payment of the judgment referred to in the 11th finding.

14. That Liddell & Co. has been made a party to this action and claims proceeds.

And it is thereupon considered and adjudged that neither Jane R. Wilkes, trading as the Mecklenburg Iron Works, nor the Liddell Company is entitled to any part of the proceeds of sale.

It is further considered and adjudged that the said Jane R. Wilkes pay the costs accrued since this action was commenced, except so much as is incident to the determination of the claim of Liddell & Co., which said company shall pay.

From the judgment and the conclusions of law reached by his Honor, the plaintiff excepted and appealed.

*R. B. Redwine for plaintiff.*
*Adams, Armfield & Adams for defendant.*

BROWN, J. 1. The judgments of Liddell & Co. referred to in finding 10 were docketed prior to the registration of the mortgages referred to in the findings, but the judgments were never cross-indexed. Therefore they never constituted a lien upon the land. *Dewey v. Sugg,* 109 N. C., 329.

2. The Wilkes judgment was docketed 5 November, 1895, after the registration of the original mortgages referred to in findings 3, 4, and 5.

On 11 January, 1893, there was due on the mortgages (all on same land) $830. On that date Miller, the owner of the debt, took from the debtor another note and mortgage securing the same debt. The original notes and mortgages were never canceled or surrendered, but were retained by Miller.

Upon these facts the original notes and mortgages were not discharged, and their lien continued.

The substitution of one note and mortgage for another will not discharge the lien of the original note and mortgage unless the latter is surrendered to the mortgagor, or canceled of record. It is only a renewal or acknowledgment of the same debt. *Collins v. Davis,* 132 N. C., 106; *Hyman v. Devereux,* 63 N. C., 626.

The conclusion of his Honor that the Wilkes and Liddell judgments are not entitled to any portion of the proceeds of the sale of the land, and that the same should be applied to the judgment in favor of Miller in the foreclosure suit, is correct.

Affirmed.

ALLEN, J., did not sit on the hearing of this case.