UNITED STATES PLYWOOD COMPANY, INC.

*vs.*

ROBINSON VERRILL, TRUSTEE.

York.      Opinion January 30, 1933.

*Willard & Willard,*
*Woodman, Thompson & Skelton,* for plaintiff.
*Verrill, Hale, Booth & Ives,* for defendant.

SITTING: PATTANGALL, C. J., STURGIS, BARNES, THAXTER, JJ.
PHILBROOK, A. R. J.

THAXTER, J.    This is a real action heard by the court with right of exceptions reserved, and is before us on an exception to a ruling of the presiding Justice ordering a judgment for the plaintiff. On the pleadings the sole issue is one of title to real estate as between the plaintiff and the defendant.

The facts are agreed upon. Orlando W. Brown on June 8, 1927, conveyed the real estate in question by warranty deed to the American Specialty Manufacturing Co. Through inadvertence this deed was not recorded but the corporation until it was adjudicated a bankrupt in February 1931 occupied the property and remained in possession of it. In its bankruptcy schedule the com-

pany listed this property as one of its assets. The plaintiff, a creditor of the company, attached this property September 17, 1930; the suit went to judgment February 28, 1931; a levy was made March 19; and a deed of sale to the plaintiff was duly recorded May 5, 1931. Such is the basis of the plaintiff's title. Orlando W. Brown died March 22, 1928, leaving a will under the terms of which his son, O. Wendell Brown, was made general devisee of his father's real estate. The son was adjudicated bankrupt May 5, 1931, and the defendant in this action is his trustee in bankruptcy. At no time did the son ever make any claim to the real estate, which seems to have been regarded by all concerned as the property of the corporation, and no attachment was ever made against his real estate.

Disregarding the devolution of this title, we shall treat the question as if it were one of priority between the holder of an unrecorded deed and the trustee in bankruptcy of the grantor. The same principles applicable to the decision of such issue govern the rights of the parties to this action.

R. S. 1930, Chap. 87, Sec. 14, provided in part as follows: "No conveyance of an estate in fee simple, fee tail, or for life, or lease for more than two years or for an indefinite term is effectual against any person except the grantor, his heirs and devisees, and persons having actual notice thereof unless the deed or lease is acknowledged and recorded in the registry of deeds within the county where the land lies." . . .

In view of this provision the bankrupt, even assuming that he could have conveyed a title to a *bona fide* purchaser, could himself have maintained no claim to this real estate. A creditor, however, complying with the requirements of R. S., Chap. 95, Sec. 63, and attaching the real estate without notice of the rights of the holder of the unrecorded deed would have priority over such holder. *Stanley* v. *Perley*, 5 Me., 369; *Roberts* v. *Bourne*, 23 Me., 165; *Veazie* v. *Parker*, 23 Me., 170; *Parker* v. *Prescott*, 87 Me., 444, 32 A., 1001. The question is whether the trustee of the bankrupt stands in any better position than the bankrupt himself, and has rights similar to those of a *bona fide* purchaser or of an attaching creditor.

Under the provisions of the Bankruptcy Act prior to 1910 the trustee took only such rights as the bankrupt had, and in a suit

challenging his title or right to possession of the property could interpose no defense that was not available to the bankrupt himself. Thus it has been held that the failure to record a conditional sale agreement gave the trustee no lien on the property. As the conditional vendor had the right to retake the property from the bankrupt, it had the same right as against his trustee. *York Manufacturing Co.* v. *Cassell*, 201 U. S., 344, 50 Law Ed., 782.

The defendant contends, however, that since the amendment to the Bankruptcy Act adopted June 25, 1910, Chap. 412, Sec. 8, 36 Stat., 840, U. S. C. A. 11, Sec. 75, the trustee in bankruptcy is in the position of an attaching creditor, and has a lien on the property superior to that of the holder of an unrecorded deed. The provisions of this amendment in so far as they relate to this question read as follows: "Such trustee, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

If the property in question is subject to claims or liens valid against creditors, it is not to be regarded as property "in the custody" or "coming into the custody" of the bankruptcy court as contemplated by the provisions of this section, so that the trustee would have a lien thereon. As before the passage of the amendment the trustee takes the bankrupt's title subject to equities good as against general creditors. Such is the trend of decisions construing this statute.

In *Clark* v. *Snelling*, 205 Fed., 240 (C. C. A., First Cir.), a bankrupt held real estate under a parol agreement to transfer it to his mother who had been in possession of it for many years and had made improvements on it. In spite of the fact that the bankrupt could have given a valid title to a *bona fide* purchaser, the Court held that the trustee in bankruptcy took the bankrupt's title subject to the mother's equitable right to compel a conveyance. The Court said, page 244, with particular reference to the amendment of 1910: "We agree with the learned District Judge in finding nothing in the Bankruptcy Act, as it stands at present, which must

be understood to give a trustee the full beneficial ownership of land whereof the bankrupt has the bare legal title only, or as impairing the right of the equitable owner, under the law of the state, to hold such land against all claims except those of an actually attaching or levying creditor, and against those claims if the creditor can be charged with notice."

The decision in this case has been followed in a very recent case in the same circuit. *Vincent* v. *Tafeen*, 40 F. (2d), 823. Here a creditor with an equitable lien on property of the bankrupt took possession of the same before the bankruptcy. The trustee claimed that under the provisions of the amendment of 1910 he was in the position of an attaching creditor with a right superior to that of the equitable lienor. The Court found, however, that this was not property "in the custody" or "coming into the custody of the bankruptcy court," and that accordingly the trustee was not in the position of a creditor holding a lien on it.

In the case of *In re Perelstine*, 19 F. (2d), 408, it is held that the right of a vendor to rescind a sale for fraud by the vendee is good against the trustee in bankruptcy of the vendee.

In *Sapero* v. *Neiswender*, 23 F. (2d), 403 (C. C. A., Fourth Cir.), a bankrupt prior to his bankruptcy had assigned notes secured by a mortgage of real estate to the petitioner as part payment of a debt. The notes were endorsed and delivered but the bankrupt failed to assign the mortgage. Under the statutes of Maryland the title to the notes was presumed to be in the person holding the record title of the mortgage. The Court ruled that, as there was nothing in the Maryland statutes which made the unrecorded assignment void as to creditors, the bankrupt held the mortgage deed and the legal title conveyed therein as trustee for the petitioner, and the trustee in bankruptcy held it subject to the same equity. The Court regarded this as property not in the custody of the bankruptcy court and accordingly as to it the trustee was vested only with the rights of a judgment creditor holding an execution duly returned unsatisfied.

See to the same effect as the above *Robertson* v. *Scholtzhauer*, 243 Fed., 324, *In re Gamble*, 14 F. (2d), 847.

The main purpose of the amendment of 1910 was to change the rule declared in *York* v. *Cassell*, supra, under which the trustee in

bankruptcy had no greater rights in property subject to an unrecorded conditional sale agreement or chattel mortgage than did the bankrupt himself. Its intent was to place the trustee, not in the position of an attaching creditor as to all property held by the bankrupt, but only as to such property over which general creditors at the time of the bankruptcy might have asserted a claim by means of attachment or by some similar process. *Potter Manufacturing Co.* v. *Arthur*, 220 Fed., 843; *Pacific State Bank* v. *Coats*, 205 Fed., 618; Collier on Bankruptcy, 13 ed., pages 1052-1059.

In the cases cited by counsel for the defendant the unrecorded conveyances referred to were void under the various state statutes as to creditors, and under the provisions of the Bankruptcy Act as amended the trustee was given a lien on such property for the benefit of creditors. *Davis* v. *Harlow*, 130 Md., 165, 100 A., 102; *Cooper Grocery Co.* v. *Park*, 218 Fed., 42 (C. C. A., Fifth Cir.); *Fairbanks Steam Shovel Co.* v. *Wills*, 240 U. S., 641, 60 L. Ed., 841; *Potter Manufacturing Co.* v. *Arthur*, supra; *Townsend* v. *Ashepoo Fertilizer Co.*, 212 Fed., 97.

The aim of the Bankruptcy Act is to marshall the property of an insolvent debtor and to apply it in accordance with well recognized equitable principles for the benefit of his creditors. It is not its intent to seize upon property in his hands which is subject to equities in favor of third persons. The principle asserted by Chief Justice Peters in an analogous situation applies here. "Equity disdains to take the property of one man to pay another's debt." *Houghton* v. *Davenport*, 74 Me., 590, 594.

The fallacy of the defendant's contention here is in assuming that, because the Bankruptcy Act as amended places the trustee in the position of a lien creditor as to certain property, it did so with respect to all property which the bankrupt might by any means have transferred. As is pointed out in the very able opinion in *Clark* v. *Snelling*, supra, page 243, "There is difficulty in saying that by provisions giving trustees certain rights, remedies, and powers all further rights are also given which might, in any event have been obtained by exercising the rights, remedies, and powers described as given."

The real estate here in question had been in the open possession of the plaintiff's predecessor in title for several years. The bank-

rupt had never directly or indirectly made any claim to it. Though he had a record title which he might have transferred to a *bona fide* purchaser, it was not property which, within the meaning of the Bankruptcy Act, was "in the custody" or "coming into the custody" of the bankruptcy court. As to it the defendant was vested with the rights of a judgment creditor holding an execution duly returned unsatisfied. Such creditor unless there has been a valid attachment has no lien prior to a levy. R. S. 1930, Chap. 95, Sec. 63; *Brackett* v. *Ridlon*, 54 Me., 426. His rights are subordinate to those of the holder of the unrecorded deed.

*Exception overruled.*