## SOUTHERN DAIRIES, Inc., v. BANKS.
### In re BLAND.*
### No. 4188.

Circuit Court of Appeals, Fourth Circuit.
Sept. 27, 1937.

*Writ of certiorari denied 58 S.Ct. 368, 82 L.Ed. —.

Francis E. Winslow and Kemp D. Battle, both of Rocky Mount, N. C., for appellant.

John N. Duncan, of Raleigh, N. C. (E. E. Duncan, of Raleigh, N. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and HENRY H. WATKINS, District Judge.

PARKER, Circuit Judge.

This is an appeal from a decree holding that the interest formerly belonging to Thomas L. Bland in certain tracts of land now in the possession of the defendant, Southern Dairies, Inc., is subject to a lien in favor of the plaintiff, the trustee in

bankruptcy of Bland, and directing that the interest be sold in satisfaction of the lien. The property in question was conveyed by Bland and others to a predecessor in title of defendants on February 24, 1921, by a good and sufficient deed of conveyance; and the grantee and those claiming under him have been in the exclusive and undisturbed possession of the property ever since. The deed of conveyance was promptly filed for recording in the office of the register of deeds of the county where the land lies and was duly and properly recorded, but the name of Bland as grantor was not entered in the permanent index of conveyances kept in the register of deeds office as required by law, although properly entered in a temporary index. In 1934, thirteen years later, Bland was adjudged bankrupt; and in 1936 his trustee in bankruptcy, having discovered that the conveyance had not been properly indexed as to Bland, filed suit contending that, in so far as it attempted to convey his interest in the land, it was void as to his creditors. No contention is made that any judgment was ever docketed against the bankrupt for any of the claims of creditors or that execution was ever levied upon the interest in land involved; but in 1936, before the deed had been properly indexed as to Bland, the trustee filed with the register of deeds a certified copy of the order of adjudication in bankruptcy, subsequently filing a certified copy of the order approving his bond. The court below sustained the position of the trustee, and from a decree in his favor the defendant has appealed.

Interesting questions have been raised with respect to the recording statute of North Carolina and the effect of adverse possession of property in that state under the circumstances above set forth; but we need not consider any of these questions, as we are of opinion that the position of the trustee cannot be sustained even though the deed be treated as unrecorded and the possessory statutes of the state be disregarded. Under the law of North Carolina the deed executed by the bankrupt was good as between the parties even though unrecorded. The grantee entered immediately into the possession of the property conveyed; and those claiming under the grantee, and not the bankrupt, were in possession both at the time of the filing of the petition in bankruptcy and of the adjudication. Under these circumstances we think it clear that the trustee acquired neither interest in nor lien upon the land as a result of the bankruptcy proceedings. The rights of the trustee with respect to it were those of a judgment creditor with an execution returned unsatisfied; and, under the law of North Carolina, such creditor has no lien on real estate by virtue of the judgment or unsatisfied execution unless the judgment is properly docketed in the office of the clerk of the superior court of the county where the real estate is situate or unless the execution has been duly levied upon it.

■ The trustee is vested by law with the title of the bankrupt as of the date he was adjudged a bankrupt, or rather as of the date the petition in bankruptcy was filed. Bankr.Act § 70(a), as amended, 11 U.S.C.A. § 110(a); Sapero v. Neiswender (C.C.A.4th) 23 F.(2d) 403; Firestone Tire & Rubber Co. v. Cross (C.C.A.4th) 17 F.(2d) 417; Finance & Guaranty Co. v. Oppenhimer, 276 U.S. 10, 48 S.Ct. 209, 72 L.Ed. 443; Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275. And prior to the 1910 amendment (amending section 47 [11 U.S.C.A. § 75]), which created certain liens and other rights to which we shall hereafter refer, this was all that he had. As said in York Mfg. Co. v. Cassell, 201 U.S. 344, at page 352, 26 S.Ct. 481, 484, 50 L.Ed. 782, which was decided prior to that amendment:

"Under the provisions of the bankrupt act the trustee in bankruptcy is vested with no better right or title to the bankrupt's property than belonged to the bankrupt at the time when the trustee's title accrued. At that time the right, as between the bankrupt and the York Manufacturing Company, was in the latter company to take the machinery on account of default in the payment therefor. The trustee, under such circumstances, stands simply in the shoes of the bankrupt, and, as between them, he has no greater right than the bankrupt. This is held in Hewit v. Berlin Machine Works, 194 U.S. 296, 24 S.Ct. 690, 48 L.Ed. 986. The same view was taken in Thompson v. Fairbanks, 196 U.S. 516, 25 S.Ct. 306, 49 L.Ed. 577. It was there stated that 'under the present bankrupt act, the trustee takes the property of the bankrupt, in cases unaffected by fraud, in the same plight and condition that the bankrupt himself held it, and subject to all the equities impressed upon it in the hands of the bankrupt.' See Yeatman v. Savings Institution, 95 U.S. 764, 24 L.Ed.

589; Stewart v. Platt, 101 U.S. 731, 25 L.Ed. 816; Hauselt v. Harrison, 105 U.S. 401, 26 L.Ed. 1075. The same doctrine was reaffirmed in Humphrey v. Tatman, 198 U.S. 91, 25 S.Ct. 567, 49 L.Ed. 956. The law of Ohio says the conditional sale contract was good between the parties, although not filed. In such a case the trustee in bankruptcy takes only the rights of the bankrupt, where there are no specific liens, as already stated."

 Disregarding for the moment, then, the provisions of the 1910 amendment, there can be no question but that under these decisions the title of the defendant to the property in controversy was good as against the claims of the trustee; for it is well settled in North Carolina that an unrecorded deed of conveyance is good as between the parties and as against all other persons except purchasers for value from the grantor and his creditors. Jones v. Rhea, 198 N.C. 190, 151 S.E. 255; Johnson v. Fry, 195 N.C. 832, 143 S.E. 857; Eaton v. Doub, 190 N.C. 14, 128 S.E. 494, 40 A. L.R. 273; Proffitt v. State Mutual Fire Ins. Co., 176 N.C. 680, 97 S.E. 635; Warren v. Williford, 148 N.C. 474, 62 S.E. 697; Hargrove v. Adcock, 111 N.C. 166, 16 S.E. 16. And creditors within the meaning of. the North Carolina registration statutes are not creditors generally, but such creditors as have by legal process or otherwise perfected a lien upon the property prior to the registration of the conveyance. Hartford Accident & Indemnity Co. v. Coggin (C.C.A.4th) 78 F.(2d) 471; In re Cunningham (C.C.A.4th) 64 F.(2d) 296, 298; National Bank of Goldsboro v. Hill (D.C.Connor, J.) 226 F. 102, 115; Observer Co. v. Little, 175 N.C. 42, 94 S.E. 526, 527; Francis v. Herren, 101 N.C. 497, 8 S.E. 353, 358; Brem v. Lockhart, 93 N.C. 191; Holt v. Crucible Steel Co., 224 U.S. 262, 32 S.Ct. 414, 56 L.Ed. 756; Finance & Guaranty Co. v. Oppenhimer, 276 U.S. 10, 48 S.Ct. 209, 72 L.Ed. 443.

 We come, then, to the effect of the 1910 amendment of the Bankruptcy Act. That amendment which was designed primarily to meet the decision in York Mfg. Co. v. Cassell and to destroy the effectiveness of secret liens on property remaining in the possession of the bankrupt apparently unencumbered (Report No. 691 Senate Judiciary Committee 61st Congress, Remington, 4th Ed. vol. 4, p. 390–392) provides as to the rights of trustees in bankruptcy (11 U.S.C.A. § 75): "Such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." As said in the Senate Judiciary Committee Report to which we have referred, it gives effect to two distinct ideas: "First, that as to the property in the custody of the bankruptcy court the bankruptcy trustee shall be considered to have the same title that a creditor holding an execution or other lien by legal or equitable proceedings levied upon that property would have under State law; and, second, that as to property not in the custody of the bankruptcy court the trustee should stand in the position of a judgment creditor holding an execution returned unsatisfied, thus entitling him to proceed precisely as an individual creditor might have done to subject assets. In this way, in effect, proceedings in bankruptcy will give to creditors all the rights that creditors under the State law might have had had there been no bankruptcy and from which they are debarred by the bankruptcy —certainly a very desirable and eminently fair position to be granted to the trustee."

Since the property here in question did not come into the possession of the bankruptcy court, the first clause of the 1910 amendment which we have quoted can have no application; and this alone effectually distinguishes this case from that of Lynch v. Johnson, 171 N.C. 611, 89 S.E. 61, upon which the trustee relies. The case then is narrowed to this: Does the second clause of the 1910 amendment confer any rights on the trustee with respect to this property? That clause gives him the rights of a judgment creditor holding an execution returned unsatisfied, "thus entitling him to proceed precisely as an individual creditor might have done to subject assets." Its purpose was to give the trustee, as to the property not in the possession of the court, the position of a creditor who has exhausted his legal remedies by obtaining judgment, issuing execution, and having it returned unsatisfied; but it does not pretend to create a lien with respect to such property, unless by the law of the state where the property is situate the mere obtaining of judgment or issuance of execution against a debtor results in the creation

286

of a lien against property not in his possession.

There can be no serious contention either that the obtaining of a judgment or the issuance of execution thereon and the return of the execution unsatisfied results in a lien on real property under the law of North Carolina. To constitute a lien on real estate, the judgment must be docketed in the office of the clerk of the superior court of the county where such property is situate. C.S.N.C. §§ 613, (as amended by Pub.Laws 1929, c. 183), 614, 615, 616. And, for a lien to be obtained, the requirement as to docketing must be strictly complied with. McIntosh, North Carolina Practice and Procedure, 753; Page Trust Co. v. Currie, 190 N.C. 260, 129 S.E. 605; Wilkes v. Miller, 156 N.C. 428, 72 S.E. 482; Dewey v. Sugg, 109 N.C. 328, 13 S.E. 923, 14 L.R.A. 393; Holman v. Miller, 103 N.C. 118, 9 S.E. 429, 430. In the case last cited, the rule was thus stated:

"Under the law as it existed prior to the adoption of the Code of Civil Procedure, there was no provision for the docketing of judgments, and a lien upon the property of the debtor was acquired only by issuing a writ of fieri facias, which bound the property of the debtor from the teste. Under the present system, no lien is acquired upon land, in the absence of an execution and levy, until the judgment has been 'docketed in the judgment docket.' Code, § 435; Sawyers v. Sawyers, 93 N.C. 321; Williams v. Weaver, 94 N.C. 134. Code, § 433, provides that judgments 'shall be entered by the clerk of said superior court on the judgment docket of said court. The entry shall contain the names of the parties, and the relief granted, date of judgment and date of docketing, and the clerk shall keep a cross-index of the whole, with the dates and numbers thereof. All judgments rendered in any county by the superior court thereof, during a term of the court, and docketed during the same term, or within ten days thereafter, shall be held and deemed to have been rendered and docketed on the first day of said term.' Code, § 83, requires a separate and distinct docket for this purpose. So it is very clear that unless the judgment is docketed upon this particular docket, there can be no lien by virtue of the judgment alone."

And the issuance of execution and the return of same unsatisfied creates no lien upon the property in the absence of

levy. C.S.N.C. § 675(1); McIntosh, North Carolina Practice and Procedure, 847. And this rule applies to real as well as to personal property, and becomes material in the case of real estate where no lien has been created by properly docketing the judgment. Barnes v. Fort, 169 N.C. 431, 86 S.E. 340; Heyer v. Rivenbark, 128 N.C. 270, 38 S.E. 875; Cowen v. Withrow, 114 N.C. 558, 19 S.E. 645; Spicer v. Gambill, 93 N.C. 378; Berry v. Corpening, 90 N.C. 395.

The exact question here presented was before the Circuit Court of Appeals of the Eighth Circuit in Lewin v. Telluride Iron Works Co., 272 F. 590, 594. That case dealt with real and personal property which was covered by an unrecorded lease having the effect of a mortgage and which had been sold thereunder and had come into the possession of a third party at the time of the filing of the petition in bankruptcy. In holding that the 1910 amendment conferred no rights in this property to the trustee in bankruptcy superior to those of the bankrupt, even though the lease had not been recorded as required by a statute of Colorado, the court, speaking through the late Judge Walter H. Sanborn, said:

"The trustee here stands in the shoes of the bankrupt lessee and had no higher or better right than it unless such higher or better right was vested in him by section 47a, as amended by the Act of June 25, 1910 [11 U.S.C.A. § 75(a)] just quoted. * * * But under the facts of this case section 47a as amended has no such effect because at the time of the filing of the petition in bankruptcy, and thereafter to the present day, the property in controversy was not in the custody of and was not coming into the custody of the bankruptcy court. On the other hand, it was neither in the possession of the bankrupt nor of the trustee, nor of any other officer of that court, and it has never come and doubtless never will come into the possession or custody of any of them. * * * It was when the petition in bankruptcy was filed and it has ever since been in the possession and control of a party or parties claiming it adversely to the bankrupt and to the trustee, adversely to the bankruptcy court and to its officers. It fell, therefore, in the second class of property described in section 47a as amended. It was property not in the custody of the bankruptcy court and not coming into its custody, and the only rights and remedies regarding it which the trustee had were those of a judgment cred-

itor holding an execution against the bankrupt duly returned unsatisfied at the time the petition was filed. What rights and remedies then had a judgment creditor of the bankrupt holding an execution duly returned unsatisfied at the time of the filing of the petition in bankruptcy? Had he any lien or right to the property superior to that of the. lessor? The answer to these questions must be found in the statutes of the state of Colorado but those statutes and the decisions of the courts thereunder satisfy that a judgment creditor with an execution returned unsatisfied has no lien upon any of the personal property of his debtor in Colorado. * * *

"The discussion of the question presented has proceeded on the theory that the property in controversy was personal property. If, however, it was real estate, a judgment creditor with an execution unsatisfied would have had no lien upon it in the absence of the previous filing of a certified copy of the docket entry of the judgment with the clerk of the county."

To the same' effect are the cases of Troyer v. Mundy (C.C.A.8th) 60 F.(2d) 818; Vincent v. Tafeen (C.C.A.1st) 40 F. (2d) 823; Clark v. Snelling (C.C.A.1st) 205 F. 240, affirming In re Snelling (D.C.) 202 F. 259; United States Plywood Co. v. Verrill, 131 Me. 469, 164 A. 200; Harper v. Dothan Nat'l Bank, 223 Ala. 26, 134 So. 623; Sparks v. Weartherly, 176 Ala. 324, 58 So. 280; Brooks v. American Lumber & Construction Co., 162 Minn. 220, 202 N. W. 818. And applying the same principle are two recent decisions of this court, In re Sachs, 30 F.(2d) 510 and Wiltshire v. Warburton, 59 F.(2d) 611. In the first of these it was held that, as to certain automobiles upon which the bankrupt had given an unrecorded chattel mortgage, and which had been taken into possession by the mortgagee prior to adjudication, the trustee in bankruptcy had only such rights as a creditor would have had under the laws of Maryland to subject them to his claim. In the second, it was held that a deed executed by the bankrupt could be corrected for mistake so as to include property which he intended to convey and .which upon the execution of the deed had passed into possession of the purchaser, where such relief was permissible under the law of Virginia as against a judgment creditor. See, also, Sapero v. Neiswender, supra (C.C.A.4th) 23 F.(2d) 403, in which we held that the trustee in bankruptcy was given no rights, under the 1910 amendment, in notes executed to the bankrupt and secured by mortgage, which had been assigned by him without noting the assignment on the record of the mortgage. The law of Maryland presumed the title to the notes to be in the person holding record title to the mortgage; but, as there was nothing in the statute making the unrecorded assignment void as against creditors of the mortgagee, and as the notes did not come into the custody of the bankruptcy court, we held that the 1910 amendment conferred upon the trustee no rights in or lien upon them.

■ Nothing was added to the rights of the trustee with respect to this property by the filing of a certified copy of the order of adjudication in the register of deeds office as required by section 47c of the Bankruptcy Act, 11 U.S.C.A. § 75(c). The purpose of this requirement is obviously to show upon the records the fact that the bankrupt has been divested of title to his property by operation of law and that same has been vested in his trustee in bankruptcy. The filing adds nothing to the title of the trustee and creates no lien of any sort in his favor. As the certified copy of the order approving the bond of the trustee was not filed until after the deed from Bland was properly indexed, the question as to the effect of such filing on property conveyed by an unrecorded deed is not presented and need not be considered, but we note that in Wiltshire v. Warburton, supra, in which we held that the rights of the trustee were not superior to those of a creditor under the state law, it appeared that certified copies both of the order of adjudication and of the order approving the trustee's bond had been duly recorded.

■ We need not consider the rights of a receiver of a state court in property which the bankrupt has conveyed by an unrecorded deed. While we look to the state law for the effect of the registration laws upon conveyances of local property, we look to the Bankruptcy Act itself and to decisions of the federal courts thereunder, and not to state statutes affecting receivers, to determine what rights are vested by it. in the trustee in bankruptcy. In re Loveland (C.C.A.1st) 155 F. 838.

For the reasons stated, the decree appealed from will be reversed.

Reversed.