## In re RIGNEY.

### No. 17175.

District Court, W. D. Missouri, W. D.

July 3, 1942.

846

Sebree, Shook & Gisler, of Kansas City, Mo., for Claimant Sharon Development Co.

Charles W. Hess, Jr., of Kansas City, Mo., for trustee.

COLLET, District Judge.

The facts have been adequately stated by the referee and restated in the court's findings and need not be repeated for the purpose of this explanation of the theory upon which the legal conclusions are reached.

Claimant earnestly contends that the case of Lewin v. Telluride Iron Works Co., 8 Cir., 272 F. 590, is controlling and compels the conclusion that the holder of an unrecorded chattel mortgage has a lien upon the property covered by the chattel mortgage which may be enforced against the trustee in bankruptcy. Upon first impression it would seem that the Lewin case is controlling and does require that result in the case at bar. Upon careful analysis, however, such is not the case.

In the Lewin case, as in this case, the personal property was not in the custody of the bankruptcy court. Hence in that case, as in this, the second clause of the Bankruptcy Act (Act of June 25, 1910, Section 8, 36 Stat. 840, now found in Title 11 U.S.C.A. § 110, sub. c), which provides that the trustee in bankruptcy, "as to all property * * * not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied," is applicable. In the Lewin case the court recognizes that this quoted provision gives the trustee all of the rights which a judgment-creditor with an execution duly returned unsatisfied would have under the law of Colorado. It then examines the law of Colorado and determines that under the law of that state, a judgment-creditor has no lien upon personal property under the circumstances existing in the Lewin case. The opinion then states that since the Colorado law relating to rights of judgment-creditors gives to such a party no rights which the trustee in bankruptcy did not already have before the amendment of the Bankruptcy Act which gave the trustee the rights of a judgment-creditor, the result was that the trustee's rights were not changed in any particular by the amendment of June 25, 1910, supra. The court then proceeds to the determination of what the comparative rights of the trustee and the holder of an unrecorded chattel mortgage in Colorado were under the Colorado law and reaches the conclusion that under the law of Colorado only parties who are purchasers or lienors for value without notice, or one in some such position, may assert the invalidity of an unrecorded chattel mortgage. Since the bankrupt, the maker of the chattel mortgage, was not such a third party in the Lewin case, the trustee, standing in the shoes of the bankrupt because the trustee under the Colorado law would have no greater rights standing in the shoes of a judgment-creditor, the trustee (bankrupt) was held not entitled to assert the invalidity of the unrecorded mortgage, with the result that the court in that case applied the general rule in equity announced in Pomeroy's Equity Jurisprudence as follows: "That every express executory agreement in writing whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation, or whereby the party promises to convey or assign or transfer the property as security, creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands not only of the original contractor, but of his heirs, administrators, executors, voluntary assignees, and purchasers or encumbrancers with notice."

It is to be noted that in the Lewin case the court recognized the rule that the Bankruptcy Act gave to the trustee all of the rights of a judgment-creditor and it was only after the court had found that under the law of Colorado, a judgment-creditor had no greater rights than the trustee would have had absent the amendment of June 25, 1910, that the court placed the trustee in the shoes of the bankrupt rather than the shoes of a judgment-creditor in determining the comparative rights between the trustee and the holder of the unrecorded chattel mortgage. It is clear enough from the opinion in the Lewin case that if the Colorado law had given a judgment-creditor a greater right than the trustee in bankruptcy had under the pre-existing bankruptcy law, the trustee would not have been placed in the shoes of the bankrupt.

The distinction between the Lewin case and the case at bar is clear. In the case at bar a judgment-creditor under the law of Missouri is a third party within the meaning of Section 3486, R.S.Mo.1939, Mo.R.S.A. § 3486, which provides that: "No mortgage * * * of personal property * * * shall be valid against any other person than the parties thereto, unless possession of the * * * property be delivered to and retained by the mortgagee * * * or unless the mortgage * * * be * * * recorded, or * * * filed * * *".

Hence, in Missouri, a judgment-creditor stands in an entirely different and better position than the maker of the chattel mortgage would be in, as was the situation in the Lewin case. In Missouri the judgment-creditor could assert the invalidity of the unrecorded chattel mortgage as to him when the bankrupt who had executed the chattel mortgage could not. Therefore, the trustee must not in the case at bar be relegated to the more unfortunate position of the bankrupt when the Bankruptcy Act clearly gives the trustee all the rights and remedies which a judgment creditor in Missouri should have.

█ When the trustee is placed in the shoes of a Missouri judgment-creditor, the resulting situation is that the holder of the unrecorded chattel mortgage may not assert the chattel mortgage against the trustee because under the law of Missouri that mortgage is invalid as to the trustee. And the chattel mortgage being invalid as to the trustee, the resulting situation is that the trustee as a judgment-creditor may, under the law of Missouri, have his execution issued and a levy made upon the personalty with the resulting lien given by the Missouri law by reason of the actual levy. Sections 1317, 1343, 1339, 1352, 1353, 1354, 1355, 1356, 1357, 1360, R.S.Mo.1939, Mo.R. S.A. §§ 1317, 1343, 1339, 1352–1357, 1360. When that levy is made and the lien attaches, the holder of the unrecorded chattel mortgage stands in the same position in so far as any claim to the property levied upon is concerned, as any other general creditor without any security whatever and the trustee may enforce the lien by reducing the property to possession and holding it for the estate of the bankrupt.

It is earnestly argued that the Missouri authorities do not compel the result last noted in that the Missouri cases are content with the announcement that an unrecorded chattel mortgage is invalid as to creditors, without going to the extent of saying that because the chattel mortgage is invalid as to creditors, the creditor, or trustee standing in his shoes, is actually entitled to the property secured by the unrecorded mortgage. It is contended that because the Missouri courts have, as the claimant construes the Missouri opinions, so held, that the general law announced by Pomeroy and applied in the Lewin case should be applied here with the resulting equities in favor of the mortgagee. Otherwise stated, claimant contends that Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, does not require the application of the law of Missouri to the determination of the comparative rights between a judgment-creditor and the holder of an unrecorded chattel mortgage for two reasons,—first, because there is no Missouri law on the subject, and, second, that even if there was, Lewin v. Telluride Iron Works Co., 8 Cir., 272 F. 590, and Southern Dairies v. Banks. 4 Cir., 92 F.2d 282, would require the application of the general rule of equity.

█ The fallacy of claimant's position is two-fold. First, Lewin v. Telluride Iron Works Co. and Southern Dairies v. Banks both recognize that the law of the state should be applied in determining the rights of the judgment creditor and, contrary to claimant's assertion, the law of Missouri does give to a judgment-creditor the right to make the levy, acquire the lien and enforce that lien as heretofore observed. The second fallacy lies in this— that as heretofore noted, the so-called gen-

eral law was only applied in Lewin v. Telluride Iron Works Co. and Southern Dairies v. Banks, after the court had determined that the state law gave to a judgment-creditor no rights greater than the bankrupt against the claim of the holder of an unrecorded chattel mortgage. Hence those cases did not defy the state law but by implication recognized the controlling effect of the state law and suggests the conclusion that if the judgment-creditor had a greater right than the bankrupt (the maker of the chattel mortgage), the trustee's remedies should be measured by the rights of the judgment-creditor rather than the standard applied to the bankrupt.

The unusual similarity between the law of Colorado and the law of Missouri relating to the absence of a lien in favor of the judgment-creditor prior to actual levy and the like similarity of the statute of the two states relating to the invalidity of unrecorded chattel mortgages, lends some force to claimant's argument that the Lewin case is controlling. If it was not properly distinguishable from the case at bar, it, of course, would be followed. But since, for the reasons noted, it is not controlling and in Missouri the claimant may not assert the unrecorded chattel mortgage as such for any purpose against the trustee, the conclusion of the referee that the trustee has the greater right to the personal property was proper. See In re Wade, D. C., 185 F. 664; Hodiamont Bank v. Livingstone, 8 Cir., 35 F.2d 18, and Stewart v. Asbury, 199 Mo.App. 123, 201 S.W. 949.