Buikin, J.
 

 The case was brought on in the Court below, in the proper manner;
 
 Smith
 
 v.
 
 Thomas 2
 
 Dev. and Bat. Eq. 126, and the Court would concur with his Honor, if the points to which the exceptions relate were material. But it appears to the Court that they are immaterial and frivolous, and, therefore, ought to have been over-ruled. That respecting the entries in the bank books, is manifestly so; for, the debtor, being charged with the note, when the bank receives the money for it, whether it come as a payment from the debtor, or as the price from a purchaser, the account is credited by the cash, because the party is no longer the debtor to the bank. If that were not so, the books would not show the true state of the bank, but would, upon their face, claim assets not belonging to it. Upon the supposition that the entry is of a payment by Douglass, then the question upon this exception is but the same raised by the other; which is, whether a surety, who pays the debt, may take an assignment of the judgment, or other security, to a third person as a trustee for the surety, if it will afford him a better or more direct remedy than one in his own name. The first exception supposes that he cannot; since that is the only sense in which it can be material that the answer shall set forth whether the money belonged to Douglass or to Webb, upon the ground that in the former case it would be a payment of the debt, while, in the latter, it might be a purchase by Webb. It may be remarked, that it seems plain enough, upon the answer, that the money was furnished by Douglass, as it states that he procured Webb, as his friend, that is, as his trustee, to take the assignment for his benefit, and that under it, he has had
 
 *265
 
 the control of all the proceedings since the assignment. That exception, therefore, ought to have been over-ruled as not being founded in fact. But, supposing the contrary, then it was untenable, because it only raises the question just mentioned, and that is sufficiently raised in the bill and answer, and on it the opinion of the Court is against the plaintiff.
 

 It is considered a settled principle of equity, that from the relation between creditor and a surety, the former can claim the benefit of every security the latter may hold from his principal for his indemnity, and, also, that the surety has the correlative equity to all the securities obtained from the principal by the creditor. The grounds of the rule are clear and sound ; but they need not be discussed at this day, since the equity has been so long established as to have grown into an adage. The only question is as to the form in which the parties are to proceed, so as to preserve the integrity of the seen: rities after the creditor has satisfaction. It seems from some of the cases, that in England it is not deemed material whether the surety take an assignment to himself, or to another person in trust for him, or, even, whether he take an assignment at all ; for, where there was no assignment, relief lias been often granted to the surety, upon his bill against the creditor and principal, praying that the security held by the creditor should enure to the surety’s benefit, and he he reimbursed by means of it. But the common mode there, is by taking an assignment, either to himself or another for him, according to the nature of the security, to preserve its legal operation. If, for example, it be a mortgage, the assignment may be to .the party himself, while if it be a judgment to which the surety is a party, the assignment is to a trustee in order to avoid, since the statute of Anne, any difficulty from a plea of payment. But those assignments, of the one kind or the other, have always been upheld as modes securing the surety from loss. In this State the same doctrine has prevailed, with this modification : that, in order to keep the security on foot, when it is a bond or judgment, it is necessary to take an assignment to a third person.
 
 Sher
 
 
 *266
 

 wood
 
 v. Collier, 3 Dev. Rep. 380. Bnt it such an assignment be taken, although the money be paid to the creditor by the surety, it lias been held even atlaw, and much more in equity, to preserve the vitality of the security.
 
 Hodges
 
 v. Armstrong, 3 Dev. Rep. 253;
 
 Briley
 
 v.
 
 Sugg,
 
 1 Dev. and Bat. Eq. 366;
 
 Brown
 
 v. Long, 1 Ired. Eq. 190. In the last case, it was held that an assignment of a judgment to a third person in trust for the surety, which the surety himself procured, did not amount to a payment, but kept the judgment on foot, and the decree was founded on it. These principles apply as between a surety and his principal. It is in their spirit that the statute provides, that a debt paid by a surety shall retain its original dignity against the assets of the principal. We are not aware of any instance in which the rule has been applied to sureties as between themselves; nor do we perceive any ground for applying it, save only to found the equity of contribution, independent of a contract between them.
 

 The remaining point of enquiry in this case, is, whether this equity of substitution embraces the bail of the principal in the action of the creditor for his debt. Upon that point, the opinion of the Court is, that it does. The surety for the debt, and the bail of the principal, are not co-sureties, and there is no privity between them. Bail is more, in some respects, and in others, less bound than the surety. His contract, is, that the principal shall render himself, or that he will pay the debt in his stead, and he may discharge himself by surrendering his principal. By means of his undertaking, the creditor loses the advantage of holding the person of his debtor, which is an advantage inuring to the surety likewise, of which lie is deprived by the intervention of the bail, who enables the principal to abscond, or evade the process of the law, and elude the payment of the debt. It has been held, and upon very satisfactory grounds, that where a joint bond was given by two, and they were sued on it, the bail of one could not have recourse on the other, after paying the debt;
 
 Osborne
 
 v. Cunningham, 4 Dev. and Bat. Rep. 423; and in
 
 Foley
 
 v.
 
 Robards,
 
 3 Ired. Rep. 177, that the bail, in an action against
 
 *267
 
 one partner, for a partnership debt, could not recover from the copartner. Much less can a bail resort to a surety for the debt; and there is no instance of contribution between them at the suit of either.
 

 As before remarked, bail is not surety for the debt, but his liability for the money arises out of the breach of an engagement of a different kind, namely, that the principal shall render himself, so as to be amenable in his person to the creditor. Upon non-performance of that agreement, he becomes absolutely bound for the debt, upon his own independent collateral contract, and by his own default in not bringing in the body of his principal. Now, that is a new and distinct security in the hands of the creditor, and there seems to be no reason why the surety should not, upon the equity we have been considering, be entitled to the benefit of it, as much as he is to any other. Indeed, he has a peculiar interest in it, as it may be the means of saving the surety from a pursuit of his principal in a distant country, and before foreign tribunals, by compelling the bail, according to his bond, to bring the principal to the domestic forum, in which he was sued. These considerations lead to the conclusion, that a surety has aright to an assignment from the creditor, so that he may either make the bail liable for the debt, or compel him to produce the body of the principal; and it is gratifying to find that the position is well supported by authority. In the case of
 
 Parsons and Cole
 
 v. Briddock, 2 Vern. 608, the principal gave bail in an action against him, and his sureties being compelled, by j udgment, to pay the debt, brought their bill against the creditor and the bail, to have a judgment against the bail assigned to them, in order to be remimbnrsed what they had paid, and Lord Cowper decreed accordingly; giving as his reason, that the bail stood in the place of the principal, and cannot he relieved, but upon payment of principal, interest and cost, and the sureties in the original bond are not contributory. Sir William Grant cites that case without disapprobation, in
 
 Wright
 
 v. Morley, 11th Ves. 12, as a strong instance of the application of the equity of a surety to all the
 
 *268
 
 securities given by1- the debtor, and he explains the reasons for the decision more distinctly, even, than Lord Oowper did. He says, though the bail be, but sureties, as between them and the principal debtor, that yet, coming in the room of the principal as to the creditor, they likewise come in the room of the principal debtor as to the surety. The surety has no direct engagement, by which the bail is bound to him, but only a claim through the medium of the creditor; and consequently, the surety has precisely the same right that the creditor had, and stands in his place.
 

 As, then, the surety,, in the case before us, had an equity against the creditor, which required him to assign to the former the obligation of the bail to be enforced for the reimbursement to the surety of the money paid by him in discharge of, the debt, it is manifest that the bail has no equit}r, which can render that assignment ineffectual, and, therefore, the plaintiff’s first exception ought to have been over-ruled and the injunction dissolved with costs.
 

 This will be, accordingly, certified to the Court of Equity. The plaintiff must also pay the costs of the appeal.
 

 Per Curiam, Decree accordingly.