BANK OF DAVIE v. J. H. SPRINKLE AND C. G. BAILEY.

(Filed 15 December, 1920.)

**1. Principal and Surety—Judgments—Payment—Assignment—Trusts—Trustees—Liens.**

A surety defendant in a judgment with the principal according to principles heretofore obtaining in North Carolina, without the aid of statute, in order to preserve the judgment lien and enforce it for his reimbursement, is required on payment to have it assigned to some third person for his benefit, and, in case of collateral security, he is in such instances also entitled to the full equitable doctrine of subrogation; but if he pays the judgment debt on which he is himself bound, without having it assigned, as indicated, he then becomes the simple contract creditor of his principal.

**2. Same—Statutes.**

The Laws of 1919, ch. 194, gives the right of a surety against whom, with the principal debtor, a judgment has been obtained, the right, upon paying the judgment, to demand of the judgment creditor that the judgment be transferred to a trustee for his benefit, providing that the lien shall be kept alive for his benefit, and that the judgment debtor so refusing shall not thereafter be entitled to execution.

**3. Same—Status Quo.**

Under a proper interpretation of the relevant parts of ch. 194, Laws of 1919, it is *Held*, that the refusal of the judgment creditor to transfer the judgment to some third person to preserve the lien thereof for the benefit of surety, tendering payment of the same, means from his final refusal to do so, and not when the status of the parties remain the same, and the judgment creditor subsequently offers to, and stands willing to, assign the judgment, as the statute requires.

**4. Constitutional Law—Statutes—Judgments.**

Where a statute is susceptible of more than one construction, that which will reconcile it to the organic law will be adopted; and, *Semble*, in this case a different construction put upon ch. 194, Laws of 1919, than that the judgment creditor will not lose the right to execution thereunder, if after

refusing to make the assignment of the judgment he is afterwards willing to comply, and offers to do so when the status of the parties remain unchanged, is contrary to the construction guaranteeing protection to the rights of existing judgment creditors.

**5. Same—Remedy—Adequate Relief—Statutes.**

While a judgment is a feature of the remdy sought in an action, and is to some extent subject to legislative regulation, the rights accruing thereunder cannot be entirely withdrawn or so impaired or interfered with as to leave the owner without adequate relief, as in this case, to destroy the issuing of an execution before the status of the parties is changed, or their rights changed or lost. Ch. 194, Laws of 1919.

MOTION to recall an execution issuing from the Superior Court of DAVIE, heard on appeal from the clerk of said county before *Shaw, J.*, holding the courts of the Fifteenth District, and by consent of parties, at Statesville, N. C., on 31 March, 1920.

From the affidavits and admissions in the cause, it appeared that at August Term, 1919, of said court, plaintiff bank recovered judgment against defendants for the sum of $4,000, and interest, subject to two small credits: (1) On a note or bond in which J. H. Sprinkle was principal and C. G. Bailey surety. That in September, 1919, the surety, C. G. Bailey, through his attorney, A. T. Grant, Jr., tendered to the president and cashier of said bank the full amount due the principal, and interest on said judgment, and demanded that the plaintiff bank, through its proper officers, assign said judgment to B. R. Bailey as trustee for the use and benefit of said surety. That the bank officials at that time declined so to assign said judgment, insisting that on said payment satisfaction of the judgment be entered. That in making said tender nothing was said about the existence of a recent act of the Legislature of 1919, chapter 194, bearing on the question and requiring such a transfer, and plaintiff bank officers were not aware of such statute, the acts of the General Assembly not having been generally circulated in the county at the time of the transaction. That the refusal to transfer was made for the reason that the bank did not desire to be involved in litigation that was probable between the principal and surety, but shortly thereafter, and before learning of the statute, and again at the hearing before the clerk, the bank, through its proper officials, offered to make the transfer as requested. And this offer was made before any change in the conditions or status of the parties which affected the lien of said judgment or in any way impaired its value as a security. That defendant Sprinkle, after the first refusal, having declined to pay or tender further, plaintiff caused the execution in question to issue on said judgment, whereupon said defendant instituted the present proceedings to obtain its recall.

The court reversed the action of the clerk recalling said execution, and entered judgment that plaintiff is entitled to process collecting amount of the judgment as provided by law. Defendant Sprinkle excepted and appealed.

*E. L. Gaither and Holton & Holton for plaintiff.*
*Manly, Hendren & Womble and A. T. Grant, Jr., for defendant.*

HOKE, J. The decisions of this State are to the effect that a surety defendant in a judgment with the principal, in order to preserve the liens and enforce the same for his reimbursement, on payment of the judgment must have it assigned to some third person for his benefit. As to collateral paper held by the creditor, the surety, on payment of the principal debt, is ordinarily entitled to the full equitable doctrine of subrogation, but if he pays the principal debt on which he is himself bound, whether by judgment bond or other, without the assignment as suggested, the original obligation is extinguished and he becomes the simple contract creditor of the principal. In many of the States it is held otherwise, the surety, on payment, becoming entitled to the full right of subrogation, arising to him by the mere act of payment. In others it has been so provided by statute. In this State, however, the only statute of the kind heretofore existent is one providing that "when a surety or his representative pays the debt of his deceased principal, the claim thus occurring shall have the same priority in the administration of the assets of the principal as had the debt before its payment," and with this exception our cases on the subject hold, as stated, that a surety who pays the principal debt on which he is himself bound without procuring an assignment to a trustee for his benefit, thereby satisfies the original obligation, and can sue only as a creditor by simple contract. *Liverman v. Cahoon,* 156 N. C., 187; *Tripp v. Harris,* 154 N. C., 296; *Liles v. Rogers,* 113 N. C., 200; *Hanner v. Douglass,* 57 N. C., 265.

This being the position as it prevailed with us, the Legislature of 1919, desiring to give to sureties, and others secondarily or only in part liable on a judgment debt, a fuller benefit of the wholesome doctrine of subrogation, enacted a statute on the subject, Laws of 1919, ch. 194, in which it was provided in effect that where persons are jointly or severally liable on a judgment, and the same has been paid otherwise than by each one paying his proportionate part, the one so paying the judgment may demand of the judgment creditor that he transfer the judgment to a trustee for the benefit of the payor, and it shall be the duty of the creditor to make such transfer, and the lien of the judgment shall be thereby preserved, etc., for the benefit of the judgment debtor paying the same, and the judgment kept alive as against any of the judgment debtors who have not paid his proportionate part, etc. The statute, in section 1,

further provides that wherever one of the judgment debtors is insolvent, or nonresident, making a new or further adjustment necessary, this may be presented by petition, and the matter heard and determined by a jury on issues submitted in the original or pending action in which the judgment shall have been entered. A second section provides that any judgment creditor who refuses to transfer a judgment in his favor to a trustee for the benefit of the judgment creditor who shall tender payment and demand in writing that a transfer be made to a trustee to preserve his rights in the same action, shall not thereafter be entitled to execution against the judgment debtor tendering payment, etc. Considering this section in connection with the first, and the purview and general purpose of the entire statute, and in reference also to the express statement in section 2 that the purpose of the transfer is to preserve the rights of the debtor in the action we are of opinion that "the refusal to transfer" appearing in this section clearly means a final refusal or one definite and persisted in till some pecuniary rights of the surety as affected by the judgment shall have been impaired, or he has been compelled to institute suit to conserve and enforce his status and right under the judgment as contemplated and provided by the statute. This is not only the permissible and natural interpretation of the terms of the law, but there is doubt if a more stringent construction would not offend against the constitutional guarantees protecting the rights of an existent judgment creditor; and it is the recognized principle that where a statute is susceptible of more than one construction, that will be adopted which will reconcile the same with the organic law. While a judgment, being a feature of the remedy, is to some extent subject to legislative regulation, it is also well understood that the usual remedies cannot be entirely withdrawn, or so impaired or interfered with that the owner is left without adequate relief. *Edwards v. Kearzey,* 96 U. S., 595; *Bost v. Cabarrus,* 152 N. C., 531; *Mottu v. Davis,* 151 N. C., 237.

In accord with this view, the facts showing that the judgment creditor, being in ignorance of the provision of the statute, and in the exercise of his rights as he then understood them, and as they had before existed, at first declined to transfer the judgment, but shortly thereafter, before any lien had been lost, or the rights of the surety as affected by the judgment in any way impaired, offered to make the transfer, and renewed the offer at the hearing, we think his Honor correctly ruled that the creditor was not finally deprived of his remedy, and entered judgment that execution issue. And under the statute as we have construed it, we are of opinion further, and so hold, that the surety, on payment, is still entitled to the transfer of the judgment as contemplated and provided by the laws.

Affirmed.