T. J. JONES v. H. H. RHEA ET AL.

(Filed 22 January, 1930.)

**Judgments P a—In this case held: judgment debtor was not entitled to assignment and acquired no rights as purchaser at execution sale.**

 Where a note has been reduced to judgment against its two co-makers, and one of them pays more than half thereof, and after execution is issued for the remainder the other pays the balance due and has the judgment assigned to a trustee for his benefit, and bids in the property at the execution sale on the lands of the first judgment debtor: *Held,* the judgment debtors were jointly and severally liable on the judgment, and the debtor paying less than half thereof may not maintain that he was liable as surety contrary to the record, and he was not entitled to the assignment, and his title as purchaser at the execution sale is not good as against a subsequent purchaser from the first judgment debtor, and, the amount of the purchase price at the sale being repaid to him as the assignee of the judgment creditor, he has suffered no loss, and an instruction directing a verdict in his favor in his action to be declared the owner of the lands is reversible error. C. S., 614, 618, 3309.

Appeal by defendants from *McElroy, J.,* at July Term, 1929, of Ashe. New trial.

*C. W. Higgins, Ira T. Johnson and T. C. Bowie for plaintiff.*
*W. R. Bauguess for defendants.*

Adams, J.   The plaintiff brought suit to be declared the owner of a one-third undivided interest in the land described in the complaint. J. H. Gentry had formerly owned this interest in fee simple.   On 1 August, 1917, Ethel Graybeal, then unmarried, and J. H. Gentry and his wife, Effie C. Gentry, executed a deed of trust to F. S. Kirkpatrick and D. H. Howard, trustees, to secure the payment of $6,000 evidenced by two notes, one in the sum of $5,000 payable to Mary D. Kirkpatrick, and the other in the sum of $1,000 payable to Sallie R. West.   The property conveyed in the deed of trust consists of the land described in the complaint and another tract containing one hundred acres.   The parties agreed that if default in payment were made and a sale of the property became necessary recourse should first be had to the second tract for the payment of $4,000, and that for payment of the remaining $2,000 J. H. Gentry's undivided interest in the tract described in the complaint should first be sold.   On 2 August, 1920, the $4,000 was paid; the remainder of the debt was unliquidated.

On 17 April, 1922, Thomas J. Graybeal obtained and docketed a judgment for $2,371.47 with interest against J. H. Gentry and Thomas J. Jones as principals, and C. S. Goss as surety.   The judgment is credited with $1,500 paid by Gentry.   The clerk issued an execution on 2 August, 1926, and on 6 of September the sheriff exposed to sale Gentry's undivided interest in the land and executed and delivered to the plaintiff as purchaser a deed of conveyance which was duly registered on 25 March, 1927.

On 5 April, 1922, J. H. Gentry and his wife and Ethel Graybeal Haggaman and her husband, J. E. Haggaman, conveyed in fee the land described in the complaint to J. F. Rhea and S. L. Mock.   This deed was registered on 12 May, 1922.   It was admitted that the land described in the sheriff's deed is the land described in the complaint and in the deed of trust, and that the defendants were in possession of the land in controversy.

These are the material facts upon which his Honor submitted the issue, "Is the plaintiff the owner and entitled to the possession of one-third undivided interest in the land described in the complaint in this cause?"   The jury returned an affirmative answer under a directed instruction to do so if they believed the evidence.   Judgment was given for the plaintiff and the defendants excepted and appealed.

The lien of a judgment on real property is effective from the moment the judgment is properly docketed. C. S., 614; *Trust Co. v. Currie,* 190 N. C., 260. An unregistered deed, although valid between the parties, does not convey title as against creditors or purchasers for a valuable consideration. C. S., 3309; *Cowan v. Withrow,* 109 N. C., 636; *Hooker v. Nichols,* 116 N. C., 157. As the lien of the judgment antedates the registration of the deed executed by Gentry and his cotenants to Rhea and Mock, we should conclude, in the absence of other evidence, that the sheriff's deed conveyed the better title. But the defendants contend that the plaintiff is barred by reason of the following undisputed facts:

The Graybeal judgment was recovered on a note in which the plaintiff and J. H. Gentry were principals. The judgment creditor received from Gentry $1,500, credited the judgment with this sum, and afterwards caused an execution to be issued against all the judgment debtors. More than three weeks after the execution had been issued the judgment creditor received from the plaintiff $1,153.32 and sold and transferred the judgment to a trustee, who was to hold it for the benefit of the plaintiff.

The defendants contend that the plaintiff and Gentry were jointly and severally liable on the note and judgment (C. S., 459), and that the plaintiff after paying the remainder due on the judgment acquired no rights against them by having the judgment assigned to a trustee for his benefit. They tendered an instruction to this effect which the judge declined to give the jury.

This Court has held in a number of cases that a surety who pays a judgment may preserve the lien thereof against the principal debtor by taking an assignment of the judgment to a trustee for his benefit. *Davie v. Sprinkle,* 180 N. C., 580; *Fowle v. McLean,* 168 N. C., 537; *Bank v. Hotel Co.,* 147 N. C., 594; *Peebles v. Gay,* 115 N. C., 38; *Hodges v. Armstrong,* 14 N. C., 253. In his reply the plaintiff alleged that he had signed the note as surety for Gentry, but the record evidence he introduced shows that he and Gentry were principals in the note and in the judgment. If they were principals they were liable jointly and severally to the judgment creditor, and their liability *inter se* was determinable by section 618 of the Consolidated Statutes. The relevant provisions are as follows: "In all cases in the courts of this State wherein judgment has been, or hereafter may be, rendered against two or more persons or corporations, who are jointly and severally liable for its payment either as joint obligors or joint *tort-feasors,* and the same has not been paid by all the judgment debtors by each paying his proportionate part thereof, if one of the judgment debtors shall pay the judgment creditor, either before or after the execution has been issued, the amount due on said

judgment, and shall, at the time of paying the same, demand that said judgment be transferred to a trustee for his benefit, it shall be the duty of the judgment creditor or his attorney to transfer without recourse such judgment to a trustee for the benefit of the judgment debtor paying the same."

In its application to the question under discussion the statute contemplates the payment by one of two or more joint obligors who are primarily and equally liable either of the entire debt or of more than his proportionate part of it as precedent to his right to demand of the judgment creditor a transfer of the judgment to a trustee. The evidence fails to disclose the plaintiff's payment of any sum in excess of his proportionate part of the debt; in fact it shows that he paid less than his part. When the plaintiff made his payment Gentry had already paid more than one-half the amount to which the judgment creditor was entitled.

To meet this situation the plaintiff contends that the cost of the suit and the sheriff's commissions were sufficient to sustain the sale even if the judgment creditor's title was not transferred to the trustee and that the costs were paid by the purchaser after the sale. The record, we think, indicates otherwise. The plaintiff, having previously paid the remainder actually due on the judgment, bid $500 at the sale and the sheriff, according to his return, paid this entire sum "to the assignee of the judgment creditor." The payment was made, if at all, for the benefit of the plaintiff because it was for his benefit that the trustee accepted the assignment. It is apparent from the officer's return that the plaintiff suffered no loss. Whether Gentry objected to the sale does not appear; he is not a party to the suit.

His Honor inadvertently failed to submit the defendants' contention in reference to the assignment of the judgment, and for this reason there must be a new trial. There are other exceptions which may not again be presented.

New trial.