B. A. HOFT v. N. E. MOHN AND FLORENCE L. MOHN, HIS WIFE; C. T. HELLINGER AND ROSALEE D. HELLINGER, HIS WIFE; C. L. ABERNETHY, JR., AND SARA ABERNETHY, HIS WIFE; W. H. LEE, TRUSTEE OF FEDERAL RESERVE BANK OF RICHMOND.

(Filed 12 April, 1939.)

1. **Judgments § 37b—Payment of judgment by judgment debtor who is jointly and severally liable does not entitle him to assignment of judgment.**

Where a person jointly and severally liable on a judgment pays same, he extinguishes the judgment and is not entitled to an assignment thereof against the other judgment debtors, since the judgment itself is not a proper instrument for the adjustment of the equities between them, the exclusive remedy for such adjustment being by transfer of the judgment to a trustee under the provision of C. S., 618, and a substantial compliance with the statute is necessary in order to invoke its protection.

2. **Same—Commissioner of Banks paying judgment against bank out of its assets held not entitled to assignment as against other judgment debtors.**

A bank holding a note hypothecated by the payee bank obtained judgment thereon against the payee bank and the makers. Thereafter the payee bank became insolvent and the Commissioner of Banks made a payment on the judgment out of the assets of the payee bank and obtained an assignment of the judgment, which it transferred to plaintiff, who brought suit thereon against the makers. *Held:* The Commissioner of Banks in the payment of the judgment and in taking the assignment represented the bank and such acts were taken in the same right and with the effect as though they had been taken by the bank, and therefore the Commissioner of Banks may not act as a trustee for the transfer of the judgment under C. S., 618, and the payment of the judgment by the Commissioner of Banks extinguished same.

3. **Banks and Banking § 13—Commissioner of Banks is statutory receiver.**

The Commissioner of Banks acts as a receiver under the inherent power of the court only in matters which are not provided for by statute, C. S., 218 (c), and his powers and duties in the collection and distribution of the assets of an insolvent bank are derived from the statute, C. S., 218 (c), (6), (7), (14), (17), and while in certain aspects he represents the creditors and depositors, in the assertion of a debt owed the bank and in the payment of a judgment against the bank out of its assets, he acts *pro hac vice* the bank.

APPEAL of plaintiff from *Frizzelle, J.,* at October Term, 1938, of CRAVEN. Affirmed.

*W. B. R. Guion for plaintiff, appellant.*
*William Dunn and R. E. Whitehurst for defendants, appellees.*

SEAWELL, J. The Wachovia Bank and Trust Company brought an action in the county court of Forsyth County and recovered judgment on a note which had been executed by N. E. Mohn, C. T. Hellinger and C. L. Abernethy and made payable to the Eastern Bank and Trust Company, and by it hypothecated to the Wachovia Bank and Trust Company. The Eastern Bank and Trust Company became insolvent and was taken over by Gurney P. Hood, Commissioner of Banks, under the State Banking Laws. Thereafter, out of the funds of the bank in his hands, Hood, as Commissioner, paid over to the Wachovia Bank and Trust Company a part of the amount represented by the judgment, leaving a balance of $1,328.96, and took an assignment reading as follows: "This judgment, principal, interest and costs is hereby transferred, set over and assigned to Gurney P. Hood, Commissioner of Banks, *ex rel.* Eastern Bank and Trust Co., New Bern, North Carolina. (R., p. 8.) This 11th day of December, 1934. (Signed) WACHOVIA BANK & TRUST COMPANY, Plaintiff, By RATCLIFF, HUDSON & FERRELL, Attorneys." Thereafter, Hood, Commissioner, attempted to transfer the judgment to this plaintiff by assignment reading as follows: "For value received without recourse and by court order this judgment with unpaid balance of $1,328.96 is hereby assigned to B. A. Hoft, Trustee. . . . (R., p. 9.) Gurney P. Hood, Commissioner, etc."

Since remote days of the common law, it has been held that payment by one or more of those jointly and severally liable on a judgment is an extinguishment of the judgment (*Fowle v. McLean,* 168 N. C., 537, 541, 84 S. E., 852; *Bank v. Sprinkle,* 180 N. C., 580, 104 S. E., 477), and that an assignment of the judgment to such person or persons will not serve to keep it alive against the others; *Sherwood v. Collier,* 14 N. C., 380. The soundness of this rule is attacked by the plaintiff, and the dissenting opinion of *Justice Walker* in *Liverman v. Cahoon,* 156 N. C., 187, 72 S. E., 327, is quoted, in which the rule is referred to as "one of the fossilized doctrines of the common law, which is not suited to this age and our present enlightened ideas." But the rule has behind it considerable logic, whatever reason may be assigned for its origin; and at any rate it has been so long in force and is so fully recognized that we are not at liberty to alter it or overrule the cases adhering to the principle. See *Tripp v. Harris,* 154 N. C., 296, 70 S. E., 470; *Jones v. Rhea,* 198 N. C., 190, 151 S. E., 255.

If we are permitted to theorize, we might find sound reasons in support of the rule. Whatever rights might be supposed to exist between the judgment debtors because of the payment made by one or more of them upon a judgment (and the common law recognized no such right where they were jointly and severally liable), any right so arising is so entirely different in nature from that created by the judgment as to

repel an application of any principle of subrogation. In its controlling aspect the judgment is faced toward the enforcement of the creditor's right. This right, which has become merged in the judgment, is to have his debt paid by any or all of those jointly and severally liable, without regard to the equities between them. Such right, ready to hand in the form of an enforceable remedy, ought not in equity to be acquired by any one or more of the judgment debtors for enforcement against the others, and the extinguishment of such a judgment by payment of any one of them is logical and fair.

It may readily be seen that the judgment itself is not a suitable instrument for the adjustment of equities between the judgment debtors. The statute—C. S., 618—provides a method by which the judgment may be kept alive, and at the same time protects the equities between the judgment debtors against the injustice that might result from a simple subrogation. It creates a new right, provides an exclusive remedy, and substantial compliance with its terms is necessary to make it available.

The assignment of the judgment to Gurney P. Hood, Commissioner of Banks, "*ex rel.* Eastern Bank and Trust Company," does not purport to be, and in fact is not, a compliance with this statute. It is an absolute transfer to him of the judgment in his capacity as Commissioner of Banks and by reason of his relationship to the Eastern Bank and Trust Company, judgment debtor, without reference to any trust relationship contemplated by the statute.

That an assignment of the judgment to the Commissioner of Banks is in effect an assignment to the judgment debtor follows, we think, from the relation of the Commissioner to the bank in his hands for liquidation. The Commissioner takes custody of the assets of the bank by force and virtue of the statute itself—C. S., 218 (c) (7). He may sue and be sued, without permission of the court, and his power and duty to collect and distribute the assets of an insolvent bank are derived from the statute and not from the order of the court. C. S., 218 (c), (6), (7), (14), (17). "Upon taking possession of any bank . . . all the property, assets, choses in actions, rights and privileges of the said bank . . . shall vest in the said Commissioner and/or duly appointed liquidating agent absolutely, for the purpose of liquidating." C. S., 218 (c), (7).

While in many respects his powers and duties are the same as those exercised by a receiver appointed by the court, and while in some instances his acts, like those of a receiver, are authorized, supervised, and regulated by the court, the analogy is not complete. The statutory powers and functions of the Commissioner are controlling, and he exercises the functions of a chancery receiver under the inherent power of the court only in matters which are not inconsistent with his statutory

duties, and the authority of the court may not be substituted for that of the statute. *Blades v. Hood, Comr.,* 203 N. C., 56, 164 S. E., 828. In such case the Banking Act itself makes laws relating to receivers applicable to him when not inconsistent with his statutory powers and duties. C. S., 218 (e). General statements as to the agency or representation of the Commissioner of Banks or the capacity in which he acts must be taken in connection with the problem then under consideration, and may not be applied as controlling to particular transactions where the implications are different. Although the ultimate purpose of the collection of assets is for the benefit of the creditors and others entitled to final distribution, and in this sense the Commissioner undoubtedly represents them, yet, in the collection of specific items of debt, in a more technical sense he must be held to represent the bank to whose rights and privileges he has succeeded and which he exercises. He can assert no greater right than that of the bank against any debtor, nor can he avoid any defense which might not be made against the bank. In this respect, he is *pro hac vice* the bank. The payment by him of a judgment against the bank, out of its funds, has the same effect as it would have had if paid by the bank, and an assignment to him has the force and effect of an assignment to the bank. He is not a proper trustee under C. S., 618, even if it had been so intended.

We do not consider the assignment sufficient at law to keep the judgment alive, and the judgment of the court below is

Affirmed.