STATE OF NORTH CAROLINA on RELATION of LUCILLE STRICKLAND JOHNSON STEWART, to USE AND BENEFIT of NEW AMSTERDAM CASUALTY COMPANY, v. JAMES D. PARKER.

(Filed 31 October, 1945.)

**Judgments §§ 37b, 38: Principal and Surety § 14—**

A surety defendant in a judgment, in order to preserve the liens and to enforce the same for reimbursement, on payment of the judgment, must have the judgment assigned to some third person for his benefit: a surety, who pays the principal debt on which he himself is bound, without procuring an assignment to a trustee for his benefit, thereby satisfies the original obligation and can sue only as a creditor by simple contract. G. S., 1-240.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Johnson, Special Judge,* at June Term, 1945, of JOHNSTON.

This is an action on behalf of the New Amsterdam Casualty Company on a judgment entered at the April Term, 1935, of the Superior Court

of Johnston County, against the said New Amsterdam Casualty Company, as surety, and the defendant, James D. Parker, as principal, on a guardian bond, said surety and principal being the plaintiff in interest and the defendant in the present action. It is alleged in the present action that after the rendition of said judgment, "the said judgment was transferred and assigned by the original plaintiff herein to the New Amsterdam Casualty Company and it is now the lawful owner thereof, and this suit is prosecuted by the original plaintiff for its use and benefit." Before time to answer had expired, there was a motion by the defendant, James D. Parker, to strike out parts of the complaint as redundant and irrelevant, which motion was allowed by the clerk, and upon appeal to the judge the order of the clerk was affirmed, and to the order of affirmation the plaintiff excepted, and appealed to the Supreme Court.

In the Supreme Court the defendant demurred *ore tenus* upon the ground that it appears on the face of the complaint that said complaint does not state facts sufficient to constitute a cause of action, in that the present action is an action on a judgment entered at the April Term, 1935, of Johnston Superior Court, in a cause entitled "State of North Carolina, on Relation of Lucille Strickland Johnson *v.* James D. Parker, Guardian, and New Amsterdam Casualty Company," and that said judgment was against both defendants, James D. Parker and the New Amsterdam Casualty Company, said defendants being the plaintiff in interest and the defendant in the present action, and it is alleged in the present action that said judgment thereafter was transferred and assigned by the original plaintiff to the New Amsterdam Casualty Company and that it is now the lawful owner thereof and this suit is prosecuted by the original plaintiff for its use and benefit; that by the transfer and assignment as alleged the judgment was extinguished, and therefore will not support a cause of action.

*S. Brown Shepherd and Lyon & Lyon for plaintiff, appellant.*
*J. Ira Lee for defendant, appellee.*

SCHENCK, J. The first question posed for our determination is the one which arises from the demurrer *ore tenus* filed by the defendant in this Court, namely, Does the complaint in the present action state facts sufficient to constitute a cause of action? We are constrained to answer in the negative. Plaintiff in interest, the New Amsterdam Casualty Company, surety, satisfied the original plaintiff, principal, and took an assignment to it of the judgment upon which it was jointly liable with the other defendant, James D. Parker, and the judgment thereby was extinguished, and the cause of action alleged in the complaint in the

present action being based upon such judgment, cannot be maintained. A surety defendant in a judgment, as was the plaintiff in interest in the judgment sued upon in the present case, in order to preserve the liens and to enforce the same for reimbursement, on payment of the judgment, must have it assigned to some third person for his benefit; a surety who pays the principal debt, on which he is himself bound without procuring an assignment to a trustee for his benefit thereby satisfies the original obligation, and can sue only as a creditor by simple contract. G..S., 1-240; *Davie v. Sprinkle,* 180 N. C., 580, 104 S. E., 477, and cases there cited. The demurrer *ore tenus* being to an alleged cause of action bottomed upon an extinguished judgment must be sustained.

Since the sustaining of the demurrer *ore tenus* upon the ground that the complaint does not state facts sufficient to constitute a cause of action, brings about a dismissal of the case, it becomes unnecessary to decide the other interesting questions presented on the record relating to the motion to strike certain portions of the complaint.

Demurrer sustained.

STACY, C. J., took no part in the consideration or decision of this case.