KENYOON B. HOLCOMB II v. PAMELA GARRIS HOLCOMB

No. 8323DC1189

(Filed 18 September 1984)

**Contribution § 1— joint obligors on judgment—judgment paid by one—failure to make notation on judgment—equitable contribution available**

> Where a judgment was obtained against both plaintiff and defendant, plaintiff paid the judgment in full, and plaintiff then sought contribution from defendant for one-half the total amount paid to satisfy the judgment, there was no merit to defendant's contention that, because plaintiff failed to enter a notation on the judgment docket as required by G.S. 1B-7, he failed to preserve the right to seek contribution from joint obligors, since the purpose of the statute was to change the common law so as to provide a summary procedure for contribution on the basis of the original judgment debt, but it in no way eliminated plaintiff's right to seek equitable contribution.

APPEAL by plaintiff from *Osborne, Judge.* Judgment entered 26 August 1983 in District Court, WILKES County. Heard in the Court of Appeals 30 August 1984.

Plaintiff instituted this action to recover the sum of four thousand seven hundred twenty-seven and 16/100 dollars ($4,727.16), plus interest, from defendant. Plaintiff alleges that a judgment was obtained against both plaintiff and defendant for nine thousand four hundred fifty-four and 33/100 dollars ($9,454.33) in the action *R. V. Garris v. Kenyoon B. Holcomb II and Pamela Garris Holcomb,* 77CVD1109, District Court Division, Wilkes County General Court of Justice. Plaintiff paid the judgment in full and now seeks contribution from defendant for one-half (½) the total amount paid to satisfy the judgment.

Defendant denied that plaintiff is entitled to contribution and made a motion for summary judgment. Plaintiff appeals from the order granting defendant's motion for summary judgment.

*Ferree, Cunningham & Gray, by George G. Cunningham, for plaintiff appellant.*

*Porter, Conner and Winslow, by Kurt R. Conner, for defendant appellee.*

ARNOLD, Judge.

Plaintiff assigns error to the order granting summary judgment for the defendant and dismissing the action. Plaintiff argues that he paid more than his just share of the common judgment imposed on plaintiff and defendant and is therefore entitled to relief through the doctrine of equitable contribution. Defendant argues that because the plaintiff failed to enter a notation on the judgment docket, as required by G.S. 1B-7, he has not preserved the right to seek contribution from joint obligors. We find that plaintiff's failure to make the statutorily-required notation only prevents him from seeking enforcement under the statute; it does not eliminate his cause of action for equitable contribution. Summary judgment was accordingly improper.

Section 1B-7 provides in part:

(a) In all cases in the courts of this State wherein judgment has been, or may hereafter be, rendered against two or more persons or corporations, who are jointly and severally liable for its payment either as joint obligors or joint tort-feasors, and the same has not been paid by all the judgment debtors by each paying his pro rata share thereof, if one or more of the judgment debtors shall pay the judgment creditor, either before or after execution has been issued, the full amount due on said judgment, and shall have entered on the judgment docket in the manner hereinafter set out a notation of the preservation of the right of contribution, such notation shall have the effect of preserving the lien of the judgment and of keeping the same in full force as against any judgment debtor who does not pay his pro rata share thereof to the extent of his liability thereunder in law and equity. Such judgment may be enforced by execution or otherwise in behalf of the judgment debtor or debtors who have so preserved the judgment.

G.S. 1B-7 sets out a process for summary disposition of the plaintiff's claim for contribution against the defendant. This process originated in prior versions of G.S. 1B-7, G.S. 1-240 (1943) and C.S. 618 (1919). Both of these statutes provided that a person who paid all or part of a judgment could keep alive the judgment as against joint obligors by requesting that the judgment creditor create a trust for safekeeping of the payment. G.S. 1B-7 retains

the process of preserving the judgment as against the joint ob-
ligors, but allows the judgment debtor to preserve the judgment
by the simple method of making a notation on the judgment
docket.

The purpose of statutes allowing a judgment debtor "to
preserve" the judgment as against joint obligors was to change
the common law so as to provide a summary procedure for con-
tribution on the basis of the original judgment debt. It was a set-
tled principle of the common law that payment of the judgment
debt by one or more of those jointly or severally liable on the
judgment extinguished the judgment as to the other debtors.
*Hoft v. Mohn*, 215 N.C. 397, 2 S.E. 2d 23 (1939). The contribution
statutes were designed to keep alive the judgment, and to allow
the judgment debtor who had paid the judgment to enforce it in
summary proceedings against joint debtors who had not paid
their fair share. The contribution statutes created a new right,
unknown in the common law, and substantial compliance with the
statutory terms was necessary to make it available. *Hoft*, 215
N.C. at 399, 2 S.E. 2d at 25. This right to preserve the judgment
(or the judgment lien) was retained in G.S. 1B-7.

Further, the contribution statutes preceding G.S. 1B-7 were
also intended to create another new right: they made it possible
for joint tortfeasors to seek contribution. Prior to the passage of
these statutes, the common law forbade persons in pari delicto
from suing for contribution. *See Lineberger v. City of Gastonia*,
196 N.C. 445, 450, 146 S.E. 79, 82 (1929), citing *Raulf v. Elizabeth
City Electric Light and Power Co.*, 176 N.C. 691, 97 S.E. 236
(1918). The General Assembly, apparently because it was making
a major change in the common law, passed detailed provisions
relating to how joint tortfeasors could sue for contribution. G.S.
1-240 (1943); C.S. 618 (1919). When G.S. 1-240 was amended, the
sections relating to joint tortfeasors were separated from that
concerned with preserving the judgment, and were expanded. *See*
G.S. 1B-(1)-(6) (1983). The provisions that concern joint tortfeasors,
then, were added to create a right of contribution not conferred
by the common law, and not to destroy by implication common
law rights already in existence. At no point did any prior version
of the contribution statute, nor does the modern version, express-
ly or impliedly eliminate the equitable contribution action. Rath-
er, equitable contribution has continued as an independent action,

separate from the summary proceedings set out in statute for preserving the judgment. *See generally* 18 C.J.S. Contribution § 13(a).

We are unconvinced that anything on the face of G.S. 1B-7, or in its history, indicates that the General Assembly intended to eliminate the plaintiff's right to seek equitable contribution. The court's order granting summary judgment is

Reversed.

Judges WHICHARD and EAGLES concur.