09-4302-cv (L)
*In Re: Parmalat Securities Litigation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand eleven.

PRESENT: JOSÉ A. CABRANES,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

         JOHN G. KOELTL,
                  *District Judge.**

---

PARMALAT CAPITAL FINANCE LIMITED,

09-4302-cv (L)
09-4306-cv (con)
09-4373-cv (con)

                  *Plaintiff-Appellant,*

DR. ENRICO BONDI, EXTRAORDINARY COMMISSIONER OF PARMALAT FINANZIARIA S.p.A., PARMALAT S.p.A., AND OTHER AFFILIATED ENTITIES, IN EXTRAORDINARY ADMINISTRATION UNDER THE LAWS OF ITALY,

                  *Plaintiff-Counter-Defendant-Third-*
                  *Party-Defendant-Appellant,*

---

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

1

CAPITAL & FINANCE ASSET MANAGEMENT S.A., CATTOLICA PARTECIPAZIONI S.p.A., HERMES FOCUS ASSET MANAGEMENT EUROPE LIMITED, ERSTE SPARINVEST KAPITALANLAGEGESELLSCHAFT M.B.H., SOLOTRAT, SOCIETE MODERNE DES TERRASSEMENTS PARISIENS, RENATO ESPOSITO, FONDAZIONE ITALO MONZINO, SOUTHERN ALASKA CARPENTERS PENSION FUND, ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED, CRISTINA PONCIBO, MARGERY LOUISE KRONENGOLD, ROBERT MCQUEEN, CUSTODIAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, FERRI GIAMPOLO, FOOD HOLDINGS LIMITED, DAIRY HOLDINGS LIMITED, G. JAMES CLEAVER, GORDON I. MACRAE, GERALD K. SMITH, LAURA J. STURAITIS, MONUMENTAL LIFE INSURANCE COMPANY, TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, TRANSAMERICA LIFE INSURANCE COMPANY, AVIVA LIFE INSURANCE COMPANY, PRINCIPAL GLOBAL INVESTORS, LLC, PRINCIPAL LIFE INSURANCE COMPANY, SCOTTISH RE (US) INC., HARTFORD LIFE INSURANCE COMPANY, PLAN ADMINISTRATOR G. PETER PAPPAS,

*Plaintiffs*,

-v.-

BANK OF AMERICA CORPORATION, BANC OF AMERICA SECURITIES LIMITED, BANK OF AMERICA, N.A., BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, BANC OF AMERICA SECURITIES LLC, BANK OF AMERICA INTERNATIONAL, LTD., GRANT THORNTON INTERNATIONAL, LTD,

*Defendants-Appellees*,

GRANT THORNTON INTERNATIONAL, GRANT THORNTON LLP,

*Defendants-Third-Party-Plaintiffs-*
*Counter-Claimants-Appellees*,

DEUTSCHE BANK AG, MORGAN STANLEY & CO., INCORPORATED, BONLAT FINANCING CORPORATION, CALISTO TANZI, FAUSTO TONNA, COLONIALE S.p.A., CITIGROUP INC., BUCONERO, LLC, ZINNI & ASSOCIATES, P.C., DELOITTE TOUCHE TOHMATSU, DELOITTE & TOUCHE S.p.A., A SOCIETA PER AZIONI UNDER THE LAWS OF ITALY, JAMES E. COPELAND JR., PARMALAT FINANZIARIA S.p.A., STEFANO TANZI, LUCIANO DEL SOLDATO, DOMENICO BARILI, FRANCESCO GIUFFREDI, GIOVANNI TANZI, DELOITTE & TOUCHE USA, LLP, DELOITTE & TOUCHE L.L.P., CREDIT SUISSE FIRST BOSTON, CITIBANK, EUREKA SECURITISATION PLC, VIALATTEA LLC, PAVIA e ANSALDO, BANCA NAZIONALE DEL LAVORO S.p.A., CITIBANK, N.A., PROFESSOR MARIA MARTELLINI, BANCA

2

INTESA S.p.A., DELOITTE & TOUCHE TOHMATSU AUDITORES INDEPENDENTES, CREDIT SUISSE INTERNATIONAL, CREDIT SUISSE SECURITIES (EUROPE) LIMITED, CREDIT SUISSE, CREDIT SUISSE GROUP, GRANT THORTON S.p.A., A SOCIETA PER AZIONI UNDER THE LAWS OF ITALY, NOW KNOWN AS ITALAUDIT, S.p.A.,

*Defendants*,

PARMATOUR S.p.A.,

*Defendant-Third-Party-Defendant.*

_____

FOR PLAINTIFF-COUNTER-DEFENDANT-THIRD-PARTY DEFENDANT-APPELLANT: Kathleen M. Sullivan, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY (Peter E. Calamari, Terry L. Wit, Sanford I. Weisburst, *on the brief*).

FOR PLAINTIFF-APPELLANT: J. Gregory Taylor, Diamond McCarthy LLP, New York, NY (Allan B. Diamond, Richard I. Janvey, J. Benjamin King, *on the brief*).

FOR DEFENDANT-THIRD-PARTY-PLAINTIFF-COUNTER-CLAIMANT-APPELLEE: Linda T. Coberly, Winston & Strawn LLP, Chicago, IL (Bruce R. Braun, William P. Ferranti, *on the brief*).

FOR DEFENDANTS-APPELLEES: Joseph B. Tompkins Jr., Sidley Austin LLP, Washington, DC (Alan C. Geolot, Mark P. Guerrera, Robert D. Keeling, A. Robert Peitrzak, Daniel A. McLaughlin, *on the brief*).

FOR DEFENDANT-THIRD-PARTY-PLAINTIFF-COUNTER-CLAIMANT-APPELLEE: James L. Bernard, Strook & Strook & Lavan LLP, New York, NY (Quinlan D. Murphy, Katherine I. Puzone, David M. Cheifetz, *on the brief*).

FOR AMICUS CURIAE GUIDO ALPA: Partha P. Chattoraj, Markowitz & Chattoraj LLP, New York, NY.

FOR AMICUS CURIAE THE GOVERNMENT OF THE REPUBLIC OF ITALY: George M. Pavia, Pavia & Harcourt LLP, New York, NY.

3

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **VACATED** in part.[**]

Plaintiff-Appellant Parmalat Capital Finance Limited ("PCFL") appeals from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) entered on September 23, 2009 granting summary judgment on all claims to Defendants-Appellees Bank of America and related entities (collectively, "Bank of America"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment *de novo*. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is proper if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Appellant argues that the district court erred by granting summary judgment to Bank of America based on the affirmative

---

[**] This Order exclusively addresses the judgment of the district court with respect to Defendants-Appellees Bank of America and related entities. We AFFIRM the judgment to the extent it concerns Bank of America.

4

defense of *in pari delicto.*[1]  *See In re Parmalat Sec. Litig.*, 659 F. Supp. 2d 504 (S.D.N.Y. 2009).  We disagree.

In pari delicto* prevents a party from suing others for a wrong in which the party itself participated.  Appellant argues that *in pari delicto* is not available against it because PCFL is now controlled by bankruptcy trustees, not corrupt insiders. North Carolina law — which the parties agree controls here — makes no exception to the *in pari delicto* doctrine for a trustee.[2]  To the contrary, North Carolina courts have

---

[1]  Unlike the claims we address in the Opinion accompanying this Order, Appellant does not raise removal jurisdiction or abstention concerns on appeal with respect to Bank of America.  Nevertheless, we are obligated to determine whether jurisdiction exists.  *See, e.g.*, *Kalson v. Paterson*, 542 F.3d 281, 286 n.10 (2d Cir. 2008).  The district court had jurisdiction because at least one of the defendants is a "corporation organized under the laws of the United States" and the case "aris[es] out of transactions involving international or foreign banking . . . or out of international or foreign financial operations[.]"  12 U.S.C. § 632.  Our Court has jurisdiction because this is an appeal from a final decision of a district court of the United States.  28 U.S.C. § 1291.

[2]  Notably, the Supreme Court of North Carolina has not addressed the precise issue before us of whether *in pari delicto* is available against a bankruptcy trustee.  We cannot seek guidance from the Supreme Court of North Carolina, however, because North Carolina has no procedure by which to certify questions of state law to its Supreme Court.  *See MCL Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 284 (4th Cir. 2008).  Accordingly, we ascertain and apply North Carolina law based on the opinions available to us.

emphasized that a trustee steps into the shoes of a debtor. *See, e.g., In re J.A. Jones, Inc.*, 361 B.R. 94, 106 (Bankr. W.D.N.C. 2007) (finding that trustee is "subject to all valid claims and defenses, including inequitable conduct, which the third party has against the debtor" (internal quotation marks omitted)); *Heft v. Mohn*, 2 S.E.2d 23, 25 (N.C. 1939) (finding that a commissioner involved in liquidation proceedings with a bank "can assert no greater right than that of the [insolvent bank]"). Accordingly, *in pari delicto* is available against Appellant.

We further conclude that *in pari delicto* bars Appellant's claims against Bank of America. Appellant argues that *in pari delicto* does not apply because PCFL and Parmalat's directors abandoned PCFL and Parmalat's respective interests. We agree with the district court, however, that Appellant failed to bring forth admissible evidence to show abandonment. *See In re Parmalat Sec. Litig.*, 659 F. Supp. 2d at 525-30. As a result, Appellant failed to show that an exception to *in pari delicto* preserves its claims against Bank of America.

We have considered Appellant's additional contentions and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part as it

relates to Bank of America.  For the reasons set forth in the Opinion accompanying this Order, the judgment of the district court is otherwise **VACATED**.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk