SUMMARY ORDER
Plaintiff-Appellant Parmalat Capital Finance Limited (“PCFL”) appeals from a judgment of the United States District Court for the Southern District of New York (Kaplan, J.) entered on September 23, 2009 granting summary judgment on all claims to Defendants-Appellees Bank of America and related entities (collectively, “Bank of America”). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
We review a grant of summary judgment de novo. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is proper if “there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.” Fed. R.Civ.P. 56(a).
Appellant argues that the district court erred by granting summary judgment to Bank of America based on the affirmative defense of in pari delicto,[1] See In re Parmalat Sec. Litig., 659 F.Supp.2d 504 (S.D.N.Y.2009). We disagree.
In pari delicto prevents a party from suing others for a wrong in which the party itself participated. Appellant argues that in pari delicto is not available against it because PCFL is now controlled by bankruptcy trustees, not corrupt insiders. North Carolina law — which the parties agree controls here — makes no exception to the in pari delicto doctrine for a trustee.[2] To the contrary, North Carolina courts have emphasized that a trustee steps into the shoes of a debtor. See, e.g., In re J.A. Jones, Inc., 361 B.R. 94, 106 (Bankr.W.D.N.C.2007) (finding that trustee is “subject to all valid claims and defenses, including inequitable conduct, which the third party has against the debt or” (internal quotation marks omitted)); Hoft v. Mohn, 215 N.C. 397, 2 S.E.2d 23, 25 (1939) (finding that a commissioner involved in liquidation proceedings with a bank “can assert no greater right than that of the [insolvent bank]”). Accordingly, in pari delicto is available against Appellant.
We further conclude that in pari delicto bars Appellant’s claims against Bank of America. Appellant argues that in pari *328 delicto does not apply because PCFL and Parmalat’s directors abandoned PCFL and Parmalat’s respective interests. We agree with the district court, however, that Appellant failed to bring forth admissible evidence to show abandonment. See In re Parmalat Sec. Litig., 659 F.Supp.2d at 525-30. As a result, Appellant failed to show that an exception to in pari delicto preserves its claims against Bank of America.
We have considered Appellant’s additional contentions and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part as it relates to Bank of America. For the reasons set forth in the Opinion accompanying this Order, the judgment of the district court is otherwise VACATED.

. Unlike the claims we address in the Opinion accompanying this Order, Appellant does not raise removal jurisdiction or abstention concerns on appeal with respect to Bank of America. Nevertheless, we are obligated to determine whether jurisdiction exists. See, e.g., Kalson v. Paterson, 542 F.3d 281, 286 n. 10 (2d Cir.2008). The district court had jurisdiction because at least one of the defendants is a "corporation organized under the laws of the United States” and the case "aris[es] out of transactions involving international or foreign banking ... or out of international or foreign financial operations!)]” 12 U.S.C. § 632. Our Court has jurisdiction because this is an appeal from a final decision of a district court of the United States. 28 U.S.C. § 1291.

. Notably, the Supreme Court of North Carolina has not addressed the precise issue before us of whether in pari delicto is available against a bankruptcy trustee. We cannot seek guidance from the Supreme Court of North Carolina, however, because North Carolina has no procedure by which to certify questions of state law to its Supreme Court. See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 284 (4th Cir.2008). Accordingly, we ascertain and apply North Carolina law based on the opinions available to us.